622 So.2d 566 (1993)
Joseph Scott PIPPIN, Martha S. Davis, and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Roger LATOSYNSKI, Appellee.
Roger Latosynski, Appellant,
v.
Joseph Scott Pippin, Martha S. Davis, and State Farm Mutual Automobile Insurance Company, Appellees.
Nos. 92-22, 92-1666.
District Court of Appeal of Florida, First District.
August 4, 1993.
R. Waylon Thompson of Boggs & Thompson, Panama City, for Pippin and Davis, appellants/appellees.
James B. Fensom of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for State Farm Insurance, appellant/appellee.
Louis K. Rosenbloum and Stephen H. Echsner of Levin, Middlebrooks, Mabie, *567 Thomas, Mayes & Mitchell, P.A., Pensacola, for Latosynski, appellee/appellant.
MICKLE, Judge.
These consolidated appeals arise from a final judgment following a jury verdict in favor of Roger Latosynski in a personal injury action. Joseph Scott Pippin, Martha S. Davis, and State Farm Mutual Automobile Insurance Company, defendants below, argue that they are entitled to a new trial because the improper statements of plaintiff's counsel during closing argument constituted reversible error. We agree, and reverse. Latosynski, plaintiff below, appeals the lower court's denial of his motion for sanctions filed pursuant to his offer of settlement/judgment. We affirm on this issue.
The event giving rise to the action below was an automobile accident wherein an automobile driven by Pippin, and owned by Davis, collided with an automobile in which Latosynski was a passenger.[1] Several doctors testified at trial that Latosynski had received varying degrees of permanent injuries. Testifying as the sole medical expert witness for the defense was Dr. Michael Rohan, who opined that Latosynski had not incurred a permanent injury as a result of the accident. Dr. Rohan further submitted that, in his opinion, as a general rule, soft tissue injuries are not permanent in nature. The jury returned a verdict in favor of Latosynski in the amount of $45,000.00. Defendants moved for a new trial based upon improper comments made by counsel for plaintiff during closing arguments. The motion for new trial was denied.
In his initial closing argument, counsel for Latosynski stated:
Ladies and gentlemen, the use of Dr. Rohan in this case and in other cases that the insurance carrier send injured clients and injured parties and injured plaintiffs to will continue and Dr. Rohan will continue to see these folks and treat these individuals and offer these ludicrous opinions until one of several things occur:
First, they can't continue if Dr. Rohan leaves town or is run out of town. Secondly, they can't continue if Dr. Rohan finds the experience you witnessed yesterday here so unpleasant and distasteful that he determines no amount of money, not the 500 bucks, not the $200.00 an hour, not $1,000.00, not $5,000.00, not $10,000.00, no amount of money would entice me or invite me down to that courtroom again. The third possibility is that if Dr. Rohan where [sic] to begin using the guidelines that are established by his profession, and I submit to you Dr. Rohan will be out of business.
While we do not feel that these remarks standing alone warrant reversal in this case, we feel compelled to comment that counsel approached the realm of that type of prohibited argument which suggests that the jury send a message to, or make an example of, a nonparty witness. See Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986).
We turn now to counsel's more troublesome comments which took place during rebuttal closing argument and which began as follows:
Ladies and gentlemen, I take my job serious and when I heard on New Year's Eve that my priest in the church that I attended was injured I sent a photographer to get pictures to document to introduce into evidence... .
I'm absolutely outraged at the defense of State Farm and Mr. Pippin in this case. They could have come in here and said, "Mr. Pippin made a mistake, we owe you the damage." What did they do? No, they don't admit liability. They come in and say, "You prove it, you prove Mr. Pippin was at fault." We proved it.
* * * * * *
There is not enough dignity to address my client with the proper title of "Father." He's been referred to repeatedly *568 throughout this trial as "Mister," "Mister."[2]
The following segment of the rebuttal argument elicited objection from opposing counsel:
Let's talk about the costs and the human effort energy involved in this case: ambulance crew, property appraiser for Pippin's vehicle, Pippin's parents at the scene, attendance here at the trial, the doctors and the nurses at the hospital, physical therapists, the doctors, court personnel, the attorneys, the security officer, the judge, we've got representatives from various insurance companies here. So let's talk about the money involved that's already changed hands. We'll talk about two areas. We'll talk about the medical expense that approximates $6,000.00 that he's incurred in the past by the three years that have passed and multiply the $2,000.00 annual expense by his life expectancy and that's double the amount of money that Dr. Denney said he would need for the rest of his life. Let's talk about the money they spent on damage control. Damage control is to convince you that he has not sustained a permanent injury. They'll pay doctors, they'll pay Dr. Rohan, they'll pay lawyers, they'll pay Mr. Fensom, they'll pay Mr. Thompson to come in to hold down the 
MR. FENSOM: Your honor, I object.
THE COURT: Okay. Sustained as to the attorneys.
* * * * * *
MR. FENSOM: I'm moving for a mistrial on several grounds. The first one is he referred to various insurance companies just then in his argument, various insurance companies. The only one here is State Farm. Now he started talking about all the money.
* * * * * *
THE COURT: Okay. The motion as to grounds for mistrial is denied. In regards to statements made as to the attorneys, I'm sustaining the objection.
MR. FENSOM: Your Honor, I'm requesting instruction about those comments he just made about what's spent on defense. That doesn't make any difference.
MR. THOMPSON: Tell him he's getting 40 percent if he gets anything.
MR. ECHSNER: You want me to tell them the truth; I ain't getting nothing.
THE COURT: As in regards to the last comment made by counsel, you are to disregard that. Mr. Echsner, you may continue... .
MR. ECHSNER: Ladies and gentlemen, my point simply is that a lot of money has been spent in this case.
Error is fundamental and can be considered on appeal absent contemporaneous objection at trial where the error affects the foundation of the case or goes to the merits of the cause of action. Bloch. Improper comments made by trial counsel, which are not objected to at trial, constitute reversible error only if they are so outrageous that they impaired the jury's calm and dispassionate consideration of the evidence and resulted in an unfair trial. Moore v. Taylor Concrete & Supply Co., 553 So.2d 787 (Fla. 1st DCA 1989); Wasden v. Seaboard Coast Line R. Co., 474 So.2d 825 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986).
Rule 4-3.4 of the Rules of Professional Conduct, Rules Regulating the Florida Bar, provides:
A lawyer shall not:
* * * * * *
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
From our reading of the pleadings and the recorded testimony herein, we have *569 discerned that the foregoing comments were totally improper, inappropriate and irrelevant to the issues of this case. Counsel's comment that the defense failed to address his client as "Father" appears to have been made solely for the purpose of raising sympathy for the plaintiff and was totally outside the realm of materiality in the instant lawsuit. Next, counsel's expression of personal outrage amounts to a personal opinion clearly in breach of the Rules Regulating the Florida Bar, Rule 4-3.4(e). Keeping in line with our sister court, we express the opinion that arguments in derogation of this rule will not be condoned by this court, nor should they be condoned by the trial court, even absent objection. See e.g., Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982). Lastly, counsel's reference to "damage control," to which opposing counsel objected, amounts to that type of blatant impropriety condemned in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986), and its progeny.
While only one of the aforementioned closing remarks was the subject of objection by opposing counsel herein, we feel that the collective import of counsel's personal injections, irrelevant and inflammatory remarks, and outrageous appeals to the sympathy, passion or prejudice of the jury, was so extensive as to have prejudicially pervaded the entire trial. The cumulative effect of counsel's remarks precluded the jury's rational consideration of the evidence and merits, resulting in an unfair trial and thus constituting fundamental error. See Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993). A new trial is warranted regardless of the lack of objection made thereto.
We turn now to Latosynski's appeal. Prior to trial, Latosynski filed an offer of settlement/judgment in the amount of $25,000.00 directed to Pippin and Davis "pursuant to Rule 1.441, Florida Rules of Civil Procedure, `Offer of Judgment,' or such other pre-existing statute or rule of procedure as is deemed applicable by a court of competent jurisdiction."[3] The offer was rejected by defendants. Following the jury verdict, Latosynski moved to have sanctions imposed against Pippin and Davis pursuant to sections 45.061 and 768.79, Florida Statutes, and Fla.R.Civ.P 1.442. The trial court denied the motion for sanctions, finding only section 45.061 and rule 1.442 applicable, and concluding that defendants' rejection of the offer of settlement/judgment was not unreasonable. Latosynski appeals only that portion of the trial court's order finding section 768.79 inapplicable.
Section 768.79, Florida Statutes (Supp. 1990) provides in pertinent part:
(2) An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
Herein, Latosynski's offer, made pursuant to rule 1.442, was not expressly predicated upon section 768.79. Section 768.79 clearly mandates that offers made pursuant to this section must state so. Hence, we are compelled to find that Latosynski never made a valid offer pursuant to section 768.79. We reject Latosynski's contention that the language of the offer, to wit, "or such other pre-existing statute or rule," by implication included section 768.79. Such language failed to adequately place defendants on notice that Latosynski was traveling under section 768.79 in addition to the rule.
We therefore AFFIRM the trial court's order denying Latosynski's motion for sanctions, and REVERSE and REMAND for a new trial.
ZEHMER, C.J., and BARFIELD, J., concur.
NOTES
[1] During the trial, the lower court entered a directed verdict finding Pippin liable for the accident, leaving the jury to decide solely the issues of permanent injury and damages.
[2] Latosynski is a Catholic priest.
[3] The reference to rule 1.441 was apparently a typographical error and was intended to read rule 1.442.