698 So.2d 372 (1997)
McMULLEN OIL COMPANY, INC. and McMullen Properties, Inc., Appellants,
v.
ISS INTERNATIONAL SERVICE SYSTEM, INC., Appellee.
No. 95-03549.
District Court of Appeal of Florida, Second District.
August 22, 1997.
*373 Herbert J. Baumann, Jr., Scott S. Katz and Lisa A. Oonk of Butler, Burnette & Pappas, Tampa, for Appellants.
David B. Weinstein, R. Marshall Rainey and John A. Schifino of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
McMullen Oil Company, Inc. and McMullen Properties, Inc. ("McMullen" collectively) complain of the trial court's refusal to award them attorney's fees following the McMullen companies' successful defense of an action brought against them by ISS International Service System, Inc. The trial court denied McMullen's motion for fees in the belief that the offer of judgment on which it was based was defective. We agree with the trial court and affirm.
During a June 1989 gasoline delivery to an underground tank at the ISS facility, McMullen's employee overfilled the tank and spilled gasoline onto the ground. McMullen personnel undertook cleanup measures, using absorbent material to recover the spilled gasoline. Nearly two years later, testing performed at the ISS property disclosed petroleum contamination, which ISS attributed to the June 1989 gasoline spill. In May 1992, ISS sued McMullen for damages associated with the contamination. Its complaint included a count alleging that McMullen was strictly liable under Florida's Pollutant Discharge Prevention and Control Act, Chapter 376, Florida Statutes, and praying for an award of attorney's fees pursuant to section 376.313(5), Florida Statutes (1991). McMullen denied that the June 1989 mishap caused the contamination.
Following an unsuccessful mediation, McMullen served on ISS's counsel a notice of serving offer of judgment and an offer of judgment. The offer of judgment stated an offer of "$50,001.00, plus interest, costs and attorney fees as the court may award, pursuant to all applicable Florida Statutes and the Florida Rules of Civil Procedure." McMullen's notice of filing the offer of judgment stated that the offer was made "pursuant to section 768.79, Florida Statutes, and all other applicable Florida statutes and Florida Rules of Civil Procedure." ISS rejected the offer. The case was tried before a jury, which found in McMullen's favor. McMullen then filed the offer of judgment and a motion for attorney's fees.
When denying McMullen's motion for fees the trial court found that McMullen's offer of judgment did not meet the requirements of section 768.79 because it did not state that it was being made pursuant to that statute, and because it contained conditions which rendered it indefinite.[1]
Section 768.79(2)(a), Florida Statutes (1991), provides that an offer of judgment must "[b]e in writing and state that it is being made pursuant to this section." McMullen's offer of judgment lacked the specificity required by the statute. It referred merely to "all applicable Florida statutes and the Florida Rules of Civil Procedure." This was not sufficient. Statutes authorizing awards of attorney's fees are in derogation of common law, and must be strictly construed. Murphy v. Tucker, 689 So.2d 1164 (Fla. 2d DCA 1997); Ciaramello v. D'Ambra, 613 So.2d 1324, 1325 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla.1992). An offer of judgment fails to fall within the offer of judgment statute where it fails to expressly state that it was made pursuant to the statute. Murphy, 689 So.2d 1164; Pippin v. Latosynski, 622 So.2d 566, 569 (Fla. 1st DCA 1993).
We also agree that the language of McMullen's offer of judgment was impermissibly *374 conditional. The purposes of section 768.79 include the early termination of litigation by encouraging realistic views of the claims made. Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997). An offer of judgment that contains conditions not permitted by the statute and which will not allow immediate enforcement upon acceptance is invalid. Bush Leasing, Inc. v. Gallo, 634 So.2d 737, 741-42 (Fla. 1st DCA 1994), review denied, 645 So.2d 450 (Fla.1994); Martin v. Brousseau, 564 So.2d 240 (Fla. 4th DCA 1990).
Here, the offer of judgment was for $50,001, "plus interest, costs and attorney fees as the court may award." Had ISS accepted the offer, it still would have been forced to litigate both its entitlement to attorney's fees[2] and the reasonable amount of those fees. By offering to pay ISS's attorney's fees only if ISS first obtained an award from the court, McMullen imposed a condition that was not authorized by section 768.79, and that precluded immediate enforcement of the offer upon its acceptance. Therefore, the trial court correctly denied McMullen's motion for fees based on ISS's rejection of the offer of judgment.
Affirmed.
PARKER, C.J., and LAZZARA, J., concur.
NOTES
[1] On appeal McMullen does not challenge the trial court's rejection of its assertion that it was entitled to a fee award under the alternative statutory grounds provided in sections 45.061, Florida Statutes (1990), and 376.313(5), Florida Statutes (1989).
[2] Section 376.313(5), Florida Statutes (1991), on which ISS had based its prayer for attorney's fees, did not provide for an award of fees to the prevailing party. It allowed the trial court to award attorney's fees if it determined that such an award was in the public interest.