849 So.2d 276 (2003)
WILLIS SHAW EXPRESS, INC., etc., et al., Petitioners,
v.
HILYER SOD, INC., Respondent.
No. SC02-1521.
Supreme Court of Florida.
March 13, 2003.
Rehearing Denied June 26, 2003.
*277 John W. Frost, II and Peter W. van den Boom of Frost, Tamayo, Sessums & Aranda, P.A., Bartow, FL, for Petitioners.
Randy Fischer and R. Lance Wright of Boehm, Brown, Seacrest & Fischer, P.A., Ocala, FL, for Respondent.
WELLS, J.
We have for review Hilyer Sod, Inc. v. Willis Shaw Express, Inc., 817 So.2d 1050 (Fla. 1st DCA 2002), which certified conflict with the decisions in Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999), and Spruce Creek Development Co. of Ocala, Inc. v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve the decision of the district court below.
The facts of the instant case as stated by the district court are:
Plaintiff/appellee, Willis Shaw Express, Inc., sought to recover damages incurred to its tractor-trailer, damages to the cargo, towing costs, loss of use for one of its tractor-trailers and pre-trial interest on the damages, totaling approximately $129,000.00. Plaintiff/appellee, Edward McAlpine, sought to recover damages for the loss of personal property that he had stored in the tractor, totaling approximately $1,800.00. These two plaintiffs joined their causes of action in one complaint.
Willis Shaw Express, Inc., and Edward McAlpine, served a joint proposal of settlement to defendant/appellant Hilyer Sod, Inc. The joint proposal of settlement was for $95,001.00 and did not specify the amounts and terms each plaintiff was requesting. The trial court granted the plaintiffs' subsequent motion for attorney's fees and costs because the ultimate total of the recoveries was more than 25% greater than the proposed settlement amount. See § 768.79(1), Fla. Stat. (1999). Hilyer Sod, appeals arguing the joint proposal was invalid for failure to apportion the damages between the plaintiffs....
The proposal for settlement served by the plaintiffs attempted to settle all claims among the parties and stated:
3. The proposal will require plaintiffs, WILLIS SHAW EXPRESS, INC. and EDWARD McALPINE, to sign a standard release in favor of defendant, HILYER SOD, INC., and to file a notice of dismissal with prejudice of the claims plaintiffs, WILLIS SHAW EXPRESS, INC. and EDWARD McALPINE, have filed against defendant, HILYER SOD, INC., in this action.
4. The total amount being offered with this proposal is NINETY-FIVE *278 THOUSAND ONE AND NO/100 DOLLARS ($95,001.00).
Hilyer Sod, 817 So.2d at 1051-52. The district court reversed and held that "an offer of settlement made jointly by multiple plaintiffs must apportion amounts `attributable to each party.'" Id. at 1054 (quoting Fla. R. Civ. P. 1.442(c)(3)).
In reaching that holding, the district court noted that the district courts of appeal are split "as to whether an offer from multiple plaintiffs must apportion the offer among the plaintiffs." Id. at 1053. The district court below sided with the Second District Court of Appeal's analysis in Allstate Insurance Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001) ("When two offerors make a proposal for settlement to one offeree, the offeree is entitled to know the amount and terms of the offer that are attributable to each offeror in order to evaluate the offer as it pertains to that party."). The district court below then certified conflict with Flight Express, 736 So.2d at 797, and Spruce Creek, 746 So.2d at 1116, both of which held that the lack of apportionment in offerors' proposal for settlement did not render the proposal invalid. Willis Shaw Express, Inc., and Edward McAlpine now petition this Court to quash the district court's decision.
Section 768.79, Florida Statutes (1999) ("Offer of judgment and demand for judgment"), provides a sanction against a party who unreasonably rejects a settlement offer. Section 768.79 provides in pertinent part:
If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
The statute further provides that an offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
§ 768.79(2), Fla. Stat.
Section 768.79 is implemented by Florida Rule of Civil Procedure 1.442 ("Proposals for Settlement"). This rule was amended in 1996 to require greater detail in settlement proposals. See In re Amendments to Fla. Rules of Civil Pro., 682 So.2d 105, 107 (Fla.1996) (effective Jan. 1, 1997). As amended, rule 1.442(c)(3) provides:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

(Emphasis added.) This language must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees. See Major League Baseball v. Morsani, 790 So.2d 1071, 1077-78 (Fla.2001) ("[A] statute enacted in derogation of the common law must be strictly construed...."); Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) ("[I]t is also a well-established rule in Florida that `statutes awarding attorney's fees must be strictly construed.' Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n, 539 So.2d 1131, 1132 (Fla.1989)."). A strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each *279 offeror. Cf. MGR Equipment Corp. v. Wilson Ice Enterprises, Inc., 731 So.2d 1262, 1263-64 n. 2 (Fla.1999) (noting that rule 1.442, as amended in 1996, "mandates greater detail in settlement proposals, which will hopefully enable parties to focus with greater specificity in their negotiations and thereby facilitate more settlements and less litigation"). We therefore hold that under the plain language of rule 1.442(c)(3), an offer from multiple plaintiffs must apportion the offer among the plaintiffs.
Accordingly, we approve the decision below, and disapprove Flight Express and Spruce Creek to the extent that those decisions conflict with this Court's decision.
It is so ordered.
ANSTEAD, C.J., and PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.