959 So.2d 223 (2007)
Rose G. CAMPBELL, Petitioner,
v.
Clivens GOLDMAN, Respondent.
No. SC06-611.
Supreme Court of Florida.
June 14, 2007.
*224 Richard A. Sherman, Sr., P.A., Fort Lauderdale, FL, Samuel Tyler Hill of Hill and Lemongello, P.A., Fort Lauderdale, FL, and Charles W. Hall and Mark D. Tinker of Fowler, White, Boggs, and Banker, P.A., St. Petersburg, FL, for Petitioner.
Arnold R. Ginsberg of Ginsberg and Schwartz, Miami, FL, and Nicole Sophia Freedlander of Nelson and Freedlander, Miami, FL, for Respondent.
QUINCE, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Goldman v. Campbell, 920 So.2d 1264 (Fla. 4th DCA 2006). The district court certified that its decision is in direct conflict with the decisions of the Second District Court of Appeal in McMullen Oil Co. v. ISS International Service System, Inc., 698 So.2d 372 (Fla. 2d DCA 1997), and the First District Court of Appeal in Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we quash the decision of the Fourth District and approve McMullen Oil Co. and Pippin.

FACTS AND PROCEDURAL HISTORY
In a civil action between Clivens Goldman as plaintiff and Rose G. Campbell as defendant, a notice of filing of plaintiff's proposal for settlement for $10,000 was served on the defendant on August 13, 1999, and again on November 17, 2003. The proposal was never accepted, nor was it filed with the trial court. More notably, the proposal made reference to Florida Rule of Civil Procedure 1.442 but did not cite the applicable statute, section 768.79, Florida Statutes (2003). On May 27, 2004, the jury returned a verdict in favor of plaintiff in the amount of $18,900, and the trial court entered a final judgment for that amount. This judgment met the statutory requirement that the recovery must be at least twenty-five percent greater than the settlement offer in order for the plaintiff to be entitled to attorney's fees and costs. See Goldman v. Campbell, 920 So.2d 1264 (Fla. 4th DCA 2006).
Goldman filed a motion for attorney fees and costs after recovering the net verdict and judgment, and the trial court denied the motion. On appeal, the Fourth District noted, "An offer of settlement must comply with both rule 1.442 and section 768.79." Goldman, 920 So.2d at 1265.[1] *225 The district court indicated, citing to Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003), that both rule 1.442 and section 768.79 are in derogation of the common law rule that parties are responsible for their own attorney's fees. Finally, the district court said the statute and the rule must be strictly construed pursuant to Sarkis v. Allstate Insurance Co., 863 So.2d 210, 218 (Fla.2003); Major League Baseball v. Morsani, 790 So.2d 1071, 1078-79 (Fla.2001), and TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 615 (Fla.1995). The district court noted, "Following this principle of strict construction, we have found settlement proposals invalid when they did not comply with the statutory and rule requirements." Goldman, 920 So.2d at 1265 (citing Grip Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262, 265 (Fla. 4th DCA 2000)). The district court also noted that other district courts have "similarly struck proposals." Goldman, 920 So.2d at 1266 (citing Connell v. Floyd, 866 So.2d 90, 92 (Fla. 1st DCA 2004); McMullen Oil Co. v. ISS Int'l Serv. Sys., Inc., 698 So.2d 372, 373 (Fla. 2d DCA 1997); Pippin v. Latosynski, 622 So.2d 566, 569 (Fla. 1st DCA 1993)).
Despite its acknowledgment of the requirements of the applicable rule and statute, the Fourth District adopted the Fifth District's view of these requirements as espoused in Spruce Creek Development Co. of Ocala, Inc. v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999). In Spruce Creek, the Fifth District found the failure of the settlement proposal to cite to the rule "an insignificant technical violation of the rule." Id. at 1116. The Fourth District, however, certified conflict with Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993), and McMullen Oil Co. v. ISS International Service System, Inc., 698 So.2d 372 (Fla. 2d DCA 1997), both of which held under similar circumstances that the failure to cite to the applicable statute was error.

DISCUSSION
Campbell maintains this Court should follow Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), and Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), which reaffirmed the "bright line rule" regarding strict construction of the offer of judgment statute and rule. Thus, Campbell contends this Court should reverse the decision of the district court. Conversely, Goldman argues strict construction should be applied whenever substantive, not procedural matters are implicated and thus the decision should be approved. The question before this Court is one of law subject to the de novo standard of review. See S. Baptist Hosp. of Fla. v. Welker, 908 So.2d 317 (Fla.2005). The issue here involves the settlement *226 proposal and whether it was valid even though it did not reference section 768.79.
The settlement proposal in this case referenced Florida Rule of Civil Procedure 1.442, entitled "Proposals for Settlement." Specifically, rule 1.442(a) reads in pertinent part as follows:
This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.
Rule 1.442(c), entitled "Form and Content of Proposal for Settlement," provides in pertinent part: "(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made." (Emphasis added.) In addition to rule 1.442, offers to settle are addressed by statute in section 768.79, Florida Statutes (2006). Section 768.79 is entitled "Offer of judgment and demand for judgment" and reads in relevant part as follows:
(1) In any civil action for damages filed in the courts of this state, . . . [i]f a plaintiff filed a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. . . .
(2) . . . An offer must:
(a) Be in writing and state that it is being made pursuant to this section.

(Emphasis added.) Thus, both rule 1.442 and section 768.79 require an offer to settle to be in writing and to include a citation to the statute, i.e., the applicable Florida law.
As the Fourth District noted, both rule 1.442 and section 768.79 are in derogation of the common law rule that parties are responsible for their own attorney's fees, and thus the statute and rule must be strictly construed. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). Nonetheless, the Fourth District adopted the reasoning in Spruce Creek and found the omission of reference to the statute to be a mere technical violation. The district court erred in so holding.
Recently in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), this Court addressed rule 1.442 and section 768.79 in the context of whether an offer of settlement to multiple parties must apportion the amounts applicable to each. In answering the question presented, we examined section 768.79 in its entirety and noted that this section was implemented by rule 1.442. We further noted that the rule was amended in 1996 to require greater detail in settlement proposals. See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 107 (Fla.1996) (effective Jan. 1, 1997). We specifically found the language of the statute and rule must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees. Willis Shaw, 849 So.2d at 278. We held: "[U]nder the plain language of rule 1.442(c)(3), an offer from multiple plaintiffs must apportion the offer among the plaintiffs." Willis Shaw, 849 So.2d at 279; see also Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005) (reaffirming a strict construction of rule 1.442).
We find that the holding in Willis Shaw and Lamb regarding strict construction of the language in the offer of judgment statute and rule at issue in those cases is equally as applicable to the language from rule 1.442 and section *227 768.79 concerning the requirements of citing authority. Contrary to Goldman's assertions, strict construction is applicable to both the substantive and procedural portions of the rule and statute. When read together the rule and statute provide parties with an unambiguous method for obtaining attorney fees. Section 768.79 provides a sanction against a party who unreasonably rejects a settlement offer. See Willis Shaw, 849 So.2d at 278. The plain language of the statute provides that an offer must state it is being made pursuant to this section. This is a mandatory requirement for this penal, fee-shifting provision. Because the overall subject is in derogation of the common law, all portions must be strictly construed. The district court erred in failing to strictly construe the plain language of the rule and statute.

CONCLUSION
Based on the plain language of section 768.79, an offer of settlement must state the statute on which it is based. Thus, we quash the decision of the Fourth District and approve McMullen Oil and Pippin to the extent that they are consistent with our decision.
It is so ordered.
LEWIS, C.J., and WELLS and CANTERO, JJ., concur.
PARIENTE, J., specially concurs with an opinion, in which ANSTEAD, J., concurs.
BELL, J., concurs in result only with an opinion.
PARIENTE, J., specially concurring.
I reluctantly agree with the majority that the plain language of section 768.79, Florida Statutes (2006), and Florida Rule of Civil Procedure 1.442(c) requires that an offer of settlement cite the Florida law on which it is based. Thus, a party submitting a proposal for settlement under the statute and rule is on clear notice that reference must be made to section 768.79.
My reluctance is a result of the inescapable logic of the Fourth District's opinion. See Goldman v. Campbell, 920 So.2d 1264 (Fla. 4th DCA 2006). There is now only one statute governing offers of judgments implemented by rule 1.442. See Sarkis v. Allstate Ins. Co., 863 So.2d 210, 219 n. 6 (Fla.2003). Thus, the requirement that the offer reference the statute on which it is based no longer has any true meaning, especially in a case such as this one, where although the plaintiff omitted the reference to the statute, the plaintiff specified that the offer of judgment was made pursuant to rule 1.442. Certainly, there was no lack of clarity, uncertainty, or confusion in this offer. Nor can it be said that failing to allow attorney's fees when there is such a "technical violation" vindicates the primary goal of the statute and rule, which is to "encourage settlements in order to eliminate trials if possible." Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989).
Over the years I have expressed concern about whether either the rule or the statute is fulfilling its intended purpose of encouraging settlement or at times is having the opposite effect of increasing litigation. See, e.g., Lamb v. Matetzschk, 906 So.2d 1037, 1042-43 (Fla.2005) (Pariente, C.J., specially concurring). Because parties will now be on notice that all "t's" must be crossed and "i's" dotted, there should be no further litigation on this particular issue. And because the plain language of the statute and the rule requires the reference, the majority's resolution in this case is satisfactory. But if the past history of litigation on offers of judgment is any indication, this will not be the last *228 time the Court must clarify the requirements of the rule and statute.
ANSTEAD, J., concurs.
BELL, J., concurring in result only.
I agree with the determination to quash the Fourth District's opinion in Goldman v. Campbell, 920 So.2d 1264 (Fla. 4th DCA 2006). I also agree that the plain language of section 768.79, Florida Statutes (1999), and Florida Rule of Civil Procedure 1.442 require an offer of settlement to reference the statute upon which the offer is based. However, because the statute and the rule are clear and unambiguous, I do not believe it is appropriate to invoke the questionable derogation canon. See Goldman, 920 So.2d at 1273 (Farmer, J., concurring specially) ("There is no longer much reason to be suspicious of any legislative change in the common law because there is not much of it left unaffected by statutes."); see also Jefferson B. Fordham & J. Russell Leach, Interpretation of Statutes in Derogation of the Common Law, 3 Vand. L.Rev. 438 (1950) (examining the questionable reasons for employing the derogation canon).
Section 768.79 is very clear and unambiguous in expressing the requirements of a settlement offer. The applicable portion of section 768.79 provides that a settlement offer must "[b]e in writing and state that it is being made pursuant to this section." § 768.79(2)(a), Fla. Stat. (1999) (emphasis added). Thus, the statute unambiguously explains that a settlement offer must state the statute upon which the offer is based. Because "the language of the statute is clear and unambiguous and coveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction." A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931). Therefore, the majority's use of the derogation canon is unnecessary and inappropriate.
Similarly, rule 1.442 is clear and unambiguous, thereby making the use of the derogation canon, or any other standard of interpretation, unnecessary and inappropriate. Rule 1.442(c)(1) unambiguously states that a settlement "proposal shall be in writing and shall identify the applicable Florida law under which it is being made." (Emphasis added.) No confusion exists regarding the plain meaning of the rule's language. Moreover, if this court rule was ambiguous, the standard of construction stated in rule 1.010 would apply, not the derogation canon. See Fla. R. Civ. P. 1.010 ("These rules [of civil procedure] shall be construed to secure the just, speedy, and inexpensive determination of every action."). As Judge Farmer noted below, "the derogation canoncreated for statutory changes in substantive common lawhas no logical purpose or use in the interpretation of mere rules of procedure." Goldman, 920 So.2d at 1270 (Farmer, J., concurring specially).
Accordingly, because the language of section 768.79 and rule 1.442 is clear and does not require construction, I concur in result only.
NOTES
[1] The district court noted that rule 1.442(c)(1) states: "A proposal [for settlement] shall be in writing and shall identify the applicable Florida law under which it is being made." Goldman, 920 So.2d at 1265 (quoting rule 1.442(c)). Additionally, the district court also noted that section 768.79(6)(b) reads:

If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
Id. (quoting § 768.79(6)(b)). Specifically, the district court noted:
Subsection (2) lists the requirements of a valid settlement offer:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any. (d) State its total amount.
Id. (quoting § 768.79(2)).