BENTON, J.
Defendants in a wrongful death action below, the tobacco companies who are now appealing, refused Erskin Ward’s offers of judgment, only to lose at trial and suffer entry of judgment in the wrongful death case awarding sums dramatically in excess of what Mr. Ward had been willing to settle for. As the prevailing party, he filed a timely motion to tax attorney’s fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2012), and Florida Rule of Civil Procedure 1.442, but cited no other statute or rule. The trial court granted the motion, and awarded costs and fees against the tobacco companies, on the ground that they had not accepted his timely offers of judgment.[1] We reverse the award of costs and fees.
In the main case, Mr. Ward sought both compensatory and punitive damages from each defendant, and amended his complaint to include the punitive damages claims, after the trial judge ruled he could, and before he served the offers of judgment. The jury awarded nearly two million dollars more than what he had proposed (lump sums of $216,000 to Reynolds and $40,000 to Liggett) to settle all claims as to both defendants, and judgment was entered in the main case accordingly.[2] As to the punitive damages claims, each offer stated, “Punitive damages are included in the amount of this proposal, whether pled or unpled. Acceptance of this proposal will extinguish any present or future claims for punitive damages.” Both the statute[3] and the rule[4] *238 require the offeror to state with particularity the amount proposed to settle any claim for punitive damages, however, whenever such a claim exists. Mr. Ward’s claims for punitive damages against Reynolds and Liggett were pending when the offer was made. Yet he did not specify an amount for settling either of the punitive damages claims, or indicate in any way what portion of the total sum he offered either defendant should be allocated to punitive damages.
Our supreme court has recently and repeatedly said that the rule and statute must be strictly construed. See, e.g., Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 376-78 (Fla.2013) (requiring strict compliance with rule 1.442(c)(2)(F), and reversing an award because the offer did not specify whether attorneys’ fees were included); Campbell v. Goldman, 959 So.2d 223, 226-27 (Fla.2007) (requiring strict compliance with section 768.79(2)(a) and reversing a fee award because the offer failed to cite the statute even though the offer did cite rule 1.442); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278-79 (Fla.2003) (requiring strict compliance with rule 1.442(c)(3) which dictates that a “joint proposal shall state the amount and terms attributable to each party”).
There is no ambiguity in Mr. Ward’s offers of judgment — it is clear the punitive damages claims would have been extinguished if the tobacco companies had accepted the offers — but the supreme court has made the test strict compliance, not the absence of ambiguity. In Campbell, for example, the supreme court expressly rejected the Fourth District’s view that the offeror’s failure to cite to the statute was inconsequential despite a reference to rule 1.442 and the fact that only one statute existed under which fees were awardable for failure to accept an offer of judgment. 959 So.2d at 227. See Goldman v. Campbell, 920 So.2d 1264, 1266 (Fla. 4th DCA 2006) decision quashed, 959 So.2d 223 (Fla.2007). In this connection, Justice Pariente’s concurring opinion is instructive. She pointed out that “there was no lack of clarity, uncertainty, or confusion in this offer,” Campbell, 959 So.2d at 227, just as there is no lack of clarity, uncertainty, or confusion in the offer in the present case. But in the present case, as in Campbell, under the logic of the supreme court’s decisions in this area, “the language of the statute and rule must be strictly construed because the offer of judgment statute and rule are in derogation of the common law [or, more accurately,[5] the American] rule that each party pay *239 its own fees. Willis Shaw, 849 So.2d at 278.” Campbell, 959 So.2d at 226.
Strict construction is also required because the offer of judgment statute prescribes a sanction. See Willis Shaw, 849 So.2d at 278 (“Section 768.79, Florida Statutes (1999) (“ ‘Offer of judgment and demand for judgment’ ”), provides a sanction against a party who unreasonably rejects a settlement offer.”). The decision in State Farm Mutual Automobile Insurance Co. v. Nichols, 932 So.2d 1067 (Fla.2006), cited by the dissenting opinion, is distinguishable. In Nichols, our supreme court examined two subsections of rule 1.442 which required the offer to “state with particularity” all nonmonetary terms and relevant conditions. Id. at 1078. But neither of the provisions considered in Nichols required, as both the rule and statutory subsection at issue here plainly do, that an “amount” be stated. The offers of judgment in the present case did not “state with particularity the amount offered to settle a claim for punitive damages.” § 768.79(2)(c), Fla. Stat. (2012); Fla. R. Civ. P. 1.442(c)(2)(E) (requiring offeror to “state with particularity the amount pro *240 posed to settle a claim for punitive damages”).
On remand, it remains for the court to determine the amount of attorney’s fees and costs to be awarded under plaintiffs alternative motion for attorney’s fees and costs, based on defendants’ unwarranted denials of requests for admission. The trial court found entitlement, but preter-mitted any ruling on amount. Because the trial court did not decide on or award any amount of attorneys fees and costs on this ground in the final judgment, the order determining entitlement is a nonfinal, non-appealable order, and the matter remains pending. See Bowman v. United Servs. Auto. Ass’n, 923 So.2d 1235, 1235 (Fla. 1st DCA 2006).
Reversed and remanded.
PADOVANO, J., concurs; ROBERTS, J., dissents with opinion.

. The court awarded plaintiff attorney’s fees and costs in the amount of $1,119,152.50 and $333,185.12, respectively, aggregating $1,452,337.62, against Reynolds and Liggett, jointly and severally.

. Based on the jury's verdict, the trial court entered final judgment holding Reynolds and Liggett jointly and severally liable for $487,000 in compensatory damages and against Reynolds alone for an additional $1,700,000 in punitive damages. Reynolds and Liggett appealed and Ward cross-appealed application of the comparative fault statute. We affirmed per curiam. R.J. Reynolds et al. v. Ward, No. 1D12-2953, 2013 WL 4778569 (Fla. 1st DCA Sept. 6, 2013).

. Section 768.79, Florida Statutes (2012) provides in part:
(1) In any civil action for damages filed in the courts of this state ... [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand.
(2) ... An offer must [in part]:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.

.Rule 1.442, which implements the statute, see Attorneys' Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla.2010) (“Florida Rule of Civil Procedure 1.442 provides the method and means of implementing this right by outlining the required form and content of a proposal for settlement.”) (footnote omitted), provides in part:
(c) Form and Content of Proposal for Settlement. *238 (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
[[Image here]]
(D) state the total amount of the proposal and state with particularity all nonmone-tary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any[.]

. Florida, which was admitted into the Union by Act of Congress of March 3, 1845, c. 48, 5 Stat. 742, adopted the "common and statute laws of England ... down to the 4th day of July, 1776,” § 2.01, Fla. Stat. (2013), not the law of another American jurisdiction. At common law at the time of the Revolution, the prevailing party was entitled to recover both fees and costs. "Fees were ordinarily paid by the parties during the course of the litigation and were ultimately recovered by the winner from the loser in the bill of costs.” James E. Pfander, Judicial Compensation and the Definition of Judicial Power in the Early Republic, 107 Mich. L. Rev. 1, 8 (2008). The common law rule that the prevailing party could recover its costs can be traced to the Statute of Gloucester (1275) and the Statute of Marlborough (1267). See Arthur L. Goodhart, Costs, 38 Yale L.J. 849, 852-53 (1929). This system was "planted” in British North *239 America "along with its first settlements.” Pfander, supra, at 8.
As the Fifth District has pointed out, this circumstance has not altered our supreme court’s directive that fee-shifting statutes be strictly construed:
In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1147-48 (Fla.1985) the court recognized that such statutes are contrary to the "American Rule,” rather than in derogation of the common law rule that litigants pay their own attorney's fees. Nevertheless, after Rowe the supreme court has reiterated that attorney’s fees statutes should be strictly construed. See, e.g., Dade County v. Pena, 664 So.2d 959 (Fla.1995) (citing Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n, 539 So.2d 1131, 1132 (Fla.1989).)
Nationwide Mut. Ins. Co. v. Nu-Best Diagnostic Labs, Inc., 810 So.2d 514, 516 (Fla. 5th DCA 2002). The supreme court has discussed the matter in detail:
At the outset, we note that some of the decisions of this Court contain the historically incorrect statement that attorney fee statutes are “in derogation of the common law.” At the time of the American Revolution, the English courts generally awarded attorney fees to the prevailing party in all civil litigation. See M. Derfner, Court Awarded Attorney Fees 1.02[1] (1984) (hereinafter Derfner); Goodhart, Costs, 38 Yale LJ. 849, 851-54 (1929); Note, Attorney's Fees: Where Shall the Ultimate Burden Lie?, 20 Vand.L.Rev. 1216, 1218 (1967). By its decisions, however, this Court, along with the majority of other jurisdictions in this country, refused to accept the “English Rule” that attorney fees are part of the costs to be charged by a taxing master, adopting instead the "American Rule” that attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties. See, e.g., Hampton's Estate v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla.1976); Webb v. Scott, 129 Fla. 111, 176 So. 442 (1936); State v. Barrs, 87 Fla. 168, 99 So. 668 (1924); Zinn v. Dzialynski, 14 Fla. 187 (1872). See also Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (reaffirming the American Rule). The English Rule has strong advocates in this country, however. See, e.g., Bishop, Let’s Adopt the English Fees Award System, 4 Cal.Law. 10 (1984). This state has recognized a limited exception to this general American Rule in situations involving inequitable conduct. See Wahl, Attorney’s Fees Taxed Against a Party Because of his Inequitable Conduct, 26 Fla.L.J. 281 (1952); Wahl, Attorneys' Fees Taxed Against Opposing Party, 37 Fla.B.J. 220 (1963).
Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1147-48 (Fla.1985) (footnote omitted) holding modified on other grounds by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). The American Rule, under which “attorney’s fees are not ordinarily recoverable in the absence of a statute or enforceable contract,” Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), was articulated at least as early as the opinion in Arcambel v. Wiseman, 3 U.S. 306, 3 Dall. 306, 1 L.Ed. 613 (1796).