[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14612
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00064-TJC-MCR


WILLIAM PRIMO,

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
a Florida insurance corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2016)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff William Primo appeals the district court's order awarding Defendant State Farm Mutual Automobile Insurance Company $21,070.10 in fees and costs under Fla. Stat. § 768.79.  After reviewing the briefs and the record, we affirm.

## I.    Background

In September 2010, Plaintiff sustained personal injuries in a car accident with an uninsured motorist.  He later sued Defendant, his insurer, alleging that it breached their insurance contract by wrongfully refusing to pay claims for underinsured motorist coverage.  On June 20, 2014, Defendant served on Plaintiff a Proposal for Settlement pursuant to Florida's offer of judgment statute, which provides that if a defendant's offer is not accepted by the plaintiff within 30 days, and the subsequent "judgment obtained" by plaintiff is at least 25% less than the amount defendant offered, then the court shall set off the defendant's costs and attorney's fees incurred from the date of the offer against the plaintiff's award.  Fla. Stat. § 768.79(1).  The statute defines "judgment obtained" as "the amount of the net judgment entered," which includes a plaintiff's costs incurred up to the date of the offer.  *See White v. Steak & Ale of Fla., Inc.*, 816 So.2d 546, 551 (Fla. 2002).

Plaintiff did not accept the Proposal, and he later obtained a jury verdict in the amount of $57,560.00.  The district court then set off the jury award to account

2

for various collateral-source and settlement payments made by third parties, resulting in a judgment in Plaintiff's favor for $16,221.80.

As the prevailing party, Plaintiff sought over $63,000 in costs pursuant to Federal Rule of Civil Procedure 54(d). But according to Defendant, Plaintiff was entitled to only $9,383.48 in costs, and that amount combined with the $16,221.80 judgment equaled $25,605.28—over 25% less than Defendant's $40,000.00 offer. Defendant therefore argued that it was entitled under Fla. Stat. § 768.79 to recover its own attorney's fees and costs, which it claimed amounted to $49,622.50 and $24,449.72, respectively.

As a threshold matter, Plaintiff argued that Fla. Stat. § 768.79 did not apply because Defendant's Proposal for Settlement failed to strictly comply with Florida Rule of Civil Procedure 1.442, which "provides procedural guidelines for making a proposal pursuant to [Fla. Stat. § 768.79]." *Floyd v. Smith*, 160 So.3d 567, 568 n.1 (Fla. Dist. Ct. App. 2015). The Rule governs the form and content of a proposal for settlement by requiring that it be in writing and that it shall, among other things, "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served." Fla. R. Civ. P. 1.442(c)(2)(B). Courts have held that "the language of the statute and rule must be strictly construed because the offer of judgment statute and rule are in

derogation of the common law rule that each party pay its own fees." *Campbell v. Goldman*, 959 So.2d 223, 226 (Fla. 2007).

The Proposal for Settlement provided:

1.    Defendant, STATE FARM, will pay Plaintiff, WILLIAM PRIMO, the total amount of $40,000.00 in settlement of all Plaintiff's claims pending against this Defendant, STATE FARM, in the above-styled lawsuit.

2.    In consideration therefore, Plaintiff, WILLIAM PRIMO, will dismiss with prejudice the claims said Plaintiff has asserted against Defendant, STATE FARM, in the Complaint filed in the above-styled cause.

3.    The $40,000.00 total amount to be paid includes any taxable costs and interest.

4.    This proposal does not include anything for punitive damages in that said Plaintiff has not made a claim for punitive damages against Defendant, STATE FARM.

5.    This proposal does not include attorneys' fees as attorneys' fees are not a part of the claims asserted by Plaintiff, WILLIAM PRIMO.

Plaintiff stressed that the provision for the "settlement of *all Plaintiff's claims* pending against this Defendant" fell short of Rule 1.442(c)(2)(B)'s requirement that a proposal state "that [it] resolves *all damages*." The district court rejected Plaintiff's argument, found no material difference between resolving all claims and resolving all damages, and held that the Proposal for Settlement complied with Fla. Stat. § 768.79 and Rule 1.442.

4

Before the court could award Defendant fees, though, it had to decide whether the total judgment obtained (again, including Plaintiff's costs) was 25% less than the settlement offer. Although the parties stipulated that Plaintiff was entitled to $9,343.48 of his claimed costs, Plaintiff further claimed tens of thousands of dollars in expert witness fees. However, the court concluded that these fees were limited by 28 U.S.C. § 1821 to $40 per day per witness. As a result, the court awarded $160 in expert witness attendance fees. Thus, the judgment obtained for purposes of Fla. Stat. § 768.79 was $25,725.28 (the $16,221.80 judgment plus $9,503.48 in costs)—over 25% less than the $40,000.00 Proposal for Settlement. For that reason, the district court found that Defendant was entitled to costs and attorney's fees incurred from the date of the Proposal in the amount of $46,795.38. Accordingly, the court entered an amended final judgment in favor of Defendant and against Plaintiff in the amount of $21,070.10, which was the balance of Defendant's fee award minus Plaintiff's judgment obtained. *See* Fla. Stat. § 768.79(6)(a) ("When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.").

## II.    Discussion

Plaintiff appeals the district court's findings that the Proposal for Settlement complied with Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442 and that Plaintiff's taxable costs for expert witnesses were limited by statute to $40 per day per witness.

### A.    Proposal for Settlement

We review a district court's interpretation of state law *de novo*. *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002). Section 768.79 governs offers of judgment, while Rule 1.442 sets forth procedures implementing the statute.[1] *Audiffred v. Arnold*, 161 So.3d 1274, 1277 (Fla. 2015). Under § 768.79, an offer must:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

---

[1] Defendant argues that the specific rule at issue here, Rule 1.442(c)(2)(B), is procedural and therefore does not apply in federal court for purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Because we conclude that Defendant would win even if the rule were substantive and applied, we do not decide this issue. In any case, we observe that Rule 1.442(c)(2)(B) is likely substantive. *Cf. Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (holding that Rule 1.442(c)(2)(F)'s requirement that the proposal state whether attorney's fees are included is substantive because it "prescribes specific, substantive terms that an offer of judgment must include" and which are material to an offeree's ability to evaluate an offer).

The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2).

Before the 2013 amendments to the Florida Rules of Civil Procedure, Rule 1.442(c)(2)(B) required a proposal to "identify the *claim or claims* the proposal [was] attempting to resolve." *In re Amendments to Fla. R. Civ. P.*, 131 So.3d 643, 644 (Fla. 2013) (emphasis added) (citing the former version of Rule 1.442(c)(2)(B)).  Now Rule 1.442(c)(2)(B)[2] requires that a proposal for settlement "state that the proposal resolves *all damages* that would otherwise be awarded in a

---

[2]  The full text of Rule 1.442(c)(2) provides that the proposal shall:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) state with particularity any relevant conditions;
>
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
>
> (G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c)(2).

final judgment in the action in which the proposal is served."[3]  Fla. R. Civ. P.

1.442(c)(2)(B) (emphasis added).  But the Proposal for Settlement here said

Defendant would pay "$40,000.00 in settlement of *all Plaintiff's claims* pending

against this Defendant, STATE FARM, in the above-styled lawsuit," and that in

return Plaintiff would dismiss those claims with prejudice.  By failing to specify

that the proposal resolved *all damages*, Plaintiff argues, Defendant failed to strictly

comply with Rule 1.442(c)(2)(B).  Plaintiff does not contend that the Proposal

failed to comply with any other parts of Rule 1.442.

While we must strictly construe both § 768.79 and Rule 1.442, *see*

*Campbell*, 959 So.2d at 226, we find no authority requiring that a proposal recite

the specific words used by the statute or rule.  The rule commands that certain

information be conveyed but does not dictate the words to be used.  For example, a

proposal must "state with particularity any relevant conditions" and "all

nonmonetary terms of the proposal," and it must "state whether the proposal

includes attorneys' fees."  Fla. R. Civ. P. 1.442(c)(2)(C), (D), (F).  Furthermore,

---

[3]  The amendment took effect on January 1, 2014, after this action was filed but before Defendant made the Proposal for Settlement.  *In re Amendments*, 131 So.3d at 645.  Defendant argues that an amendment to a substantive law cannot apply to cases already filed.  Defendant cites a case holding that a statute creating a new substantive right cannot be applied retroactively. *See Fla. Patient's Comp. Fund v. Scherer*, 558 So.2d 411, 414 (Fla. 1990).  But this change in language did not create a new substantive right, and Florida courts have instead applied new amendments to Rule 1.442 as long as the proposals were made after the amendments took effect. *See, e.g.*, *Allstate Indem. Co. v. Hingson*, 808 So.2d 197, 199 n.2 (Fla. 2002) (amendment did not apply because it took effect "after the offers of settlement were made"); *Dudley v. McCormick*, 799 So.2d 436, 440 n.4 (Fla. Dist. Ct. App. 2001) (amendment applied when a "proposal for settlement was served after . . . the effective date of amendment").  Therefore, the current version of Rule 1.442 applies to this case.

"[a] joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3). While a proposal must strictly comply with these terms, the statute leaves the wording up to the offeror. And unlike Rule 1.442(c)(2)(E), which requires a proposal to "state with particularity the amount proposed to settle a claim for punitive damages, if any," Rule 1.442(c)(2)(B) contains no particularity requirement that would effectively require a proposal to detail how other types of damages are allocated (e.g., general or special damages). *Cf. R.J. Reynolds Tobacco v. Ward*, 141 So.3d 236, 237–39 (Fla. Dist. Ct. App. 2014) (because punitive damages are required to be stated with particularity, a proposal for settlement was required to specify what portion of the total settlement would be allocated to punitive damages). We thus reject Plaintiff's argument that Rule 1.442(c)(2)(B) supplies specific "mandatory" language.

In fact, Fla. Stat. § 768.79(2) states that "[t]he offer shall be construed as including all damages which may be awarded in a final judgment." In light of that language, we construe the Proposal for Settlement as including all damages. We agree with the district court that there is no material difference, in the circumstances of this case, between an offer to resolve "all claims" in a lawsuit and an offer to resolve "all damages" in a lawsuit. Here, one plaintiff brought a single claim against a lone defendant. Because Defendant offered "$40,000.00 in settlement of all Plaintiff's claims" and further required Plaintiff to dismiss his suit

9

with prejudice, the Proposal for Settlement necessarily stated that it "resolve[d] all damages that would otherwise be awarded in a final judgment" in this action.  Fla. R. Civ. P. 1.442(c)(2)(B).

The Florida Supreme Court's order adopting the 2013 amendment to Rule 1.442 also supports our conclusion.  The court explained that the Florida Bar's Civil Procedure Rules Committee proposed deleting the "requirement that the proposal for settlement 'identify the claim or claims the proposal is attempting to resolve' and replace it with the requirement that the proposal 'state that [it] resolves all damages that would otherwise be awarded in a final judgment in the action.'"  *In re Amendments*, 131 So.3d at 644.  In adopting the amendment, the court agreed with the Committee "that the amendment was needed to curtail partial proposals for settlement" and to comport with the similar language in § 768.79(2).  *Id.*  The Proposal for Settlement here complied with Rule 1.442 by offering a complete settlement consistent with the amendment's purpose.

Furthermore, the Committee itself apparently sees no distinction between resolving "all claims" and resolving "all damages."  Significantly, the committee notes to Rule 1.442 explain that the 2013 amendment was intended "to clarify that a proposal for settlement must resolve *all claims* between the proponent and the party to whom the proposal is made except claims for attorneys' fees, which may or may not be resolved in the proposal."  Fla. R. Civ. P. 1.442 (committee notes)

10

(emphasis added). Of course, "[t]he committee notes are offered for explanation only and are not adopted as an official part of the rules," *In re Amendments*, 131 So.3d at 645, but we find them persuasive. And Plaintiff fails to explain how the proposal to settle "all Plaintiff's claims" failed to communicate that the settlement would resolve all damages. For these reasons, Defendant's Proposal for Settlement complied with Fla. Stat. § 768.79 and Rule 1.442.

### B.    Taxable Costs

Plaintiff next challenges the amount of costs the court awarded him for expert witness fees. We will uphold a district court's award of costs in the absence of a clear abuse of discretion. *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1468 (11th Cir. 1998). "However, a court may only tax costs as authorized by statute." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Plaintiff argues that the district court abused its discretion by awarding only $160 of the $37,835 sought for expert witness fees. We disagree.

Under 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." The Supreme Court has held that "when a prevailing party seeks reimbursement for fees paid to its own expert witness, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987); *see also Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d

11

1285, 1289 (11th Cir. 1983) ("[I]t is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821.").[4] This limit must be observed despite "the disparity between economic reality and statutory imperative." *Morrison v. Reichhold Chem., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (reversing district court award of over $3,300 in expert witness fees and instructing the district court to reduce taxable costs for each witness to $40 per day). Because no contract or other statute[5] authorizes fees in excess of $40 in this case, we find no error.

## III.    Conclusion

For all the foregoing reasons, we affirm the district court's entry of judgment in favor of Defendant in the amount of $21,070.10.

**AFFIRMED.**

---

[4] In contrast, "a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed." *Crawford*, 482 U.S. at 442. But that is not the case here.

[5] To the extent Plaintiff argues that 42 U.S.C. § 1988 authorized the district court to award reasonable expert witness fees above the $40 limit, that statue is inapplicable because it applies only to cases brought under certain civil rights statutes. *See* 42 U.S.C. § 1988(b)–(c).

12