WALDEN, Judge.
This is a case of putting the cart before the horse. Reversible error resulted.
Wife sued for separate maintenance. Husband counterclaimed for divorce. Final hearing was concluded in January 1968. Counsel stipulated that the court would withhold adjudication until the husband had fully performed a comprehensive property settlement agreement at which time the wife would come forward and amend her *746 pleadings to pray for divorce instead of separate maintenance.
Almost three years have elapsed. The trial court has faithfully withheld adjudication. The husband has largely performed and conveyed real estate and paid a good part of $100,000 lump sum alimony. However, neither have completely performed and there have been multiple efforts to compel performance and modify. Finally, the water has been muddied by a new charge of misconduct against the wife which has accrued since final hearing. However, the husband, at least so far, has indicated only that he wanted to use that proposition in support of a modification of the agreement effort and not as a ground for divorce.
The appealed order reflects the dilemma:
“THIS CAUSE coming on to be heard on Defendant’s Motion for Modification together with Plaintiff’s Motion for Contempt with both being considered by the Court. Heretofore this Court received testimony and reserved entry of the Final Judgment because of complicated matters in connection with the Property Settlement Agreement. As this Judge looks back, it now appears this piecemeal type of approach as he permitted here was perhaps not in the best interests of the parties because many matters and things can creep into differences between the parties when a period of time is permitted to expire. Here, as we now know, both parties claim shortages as against the other. Over and above that, the very serious question has occurred because of the question of misconduct because the Court had not entered a Final Judgment which the Defendant claims did have an adverse effect because everyone knew they still had not been divorced. On the question of misconduct, this Court permitted only the proffer of such evidence, but concluded that the Defendant was es-topped. While I so ruled, I do believe that this involves a much more serious question of proper policy which would apply to parties who still remain married in the eyes of the law to be with others traveling around the world as a single person. It now remains, of course, whether to set aside the entire matter and to start anew or whether again to attempt to resolve this matter by some compromise.
“Among other things, the Defendant was to have delivered to the Plaintiff the sum of $50,000.00. She in turn was to deliver certain documents, including stock certificates, plus personal property objects. This, of course, does not in any way set forth the complete and complex agreement into which the parties had entered into for there are other matters. In any event, these are remnants of the highlights of the problem. In view of the foregoing, it is
“ORDERED AND ADJUDGED that the Property Settlement Agreement here-inabove referred to be and it is hereby set aside unless the parties agree as follows:
1. The Defendant shall pay the Plaintiff the sum of $32,500.00, $2,500.00 of which will be earmarked as attorney fees for the Plaintiff’s attorney within sixty (60) days.
2. That all documents, stock certificates as well as personal property objects shall be delivered by the Plaintiff to the Defendant within sixty (60) days of this Order.
“Failure to comply with the foregoing Order on or before the sixty (60) day period and of satisfying the Court so that a Final Judgment may be entered in this matter, this matter shall then be tried anew.
“DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 18th day of June, 1970.”
The error being manifest with reference to the points on appeal, we say simply that the pleadings and evidence totally fail to support the trial court’s decision where the agreement was conditionally *747 modified upon penalty of cancellation. As concerns the ruling about the wife’s misconduct, we fail to divine the elements of estoppel but feel that the trial court’s decision excluding the testimony was correct in the sense that it was not relevant or material as concerns the issue of the property settlement agreement. We express no opinion as to whether the husband can amend his pleadings to make such charge as a ground for divorce and whether the court may re-open the final hearing.
The problem here is more fundamental than reckoned in the briefs.
First, it is well established that the power to adjudicate property rights as between husband and wife can be exercised only where the court grants a divorce. And if a divorce is denied the trial court cannot settle property rights. Finally, the court cannot adjudicate property rights of the parties in a suit for separate maintenance. See 10 Fla.Jur., Divorce, etc., § 213, for the general principle and the many cases cited therein. Thus, the correct sequence is to first, or at least contemporaneously, determine if a divorce is to be awarded and then proceed to adjudicate property rights. Otherwise the court may paint itself into a corner by dividing property, perhaps in a way that cannot be remedied, only to later find that it lacks the power to do so.
The wisdom of the rule is seen when we consider the plight of the parties here if the husband had substantially performed and the court then found that the proofs were insufficient and dismissed the case. The parties would still be married and the wife would own the transferred real estate and $100,000 in lump sum alimony. Suppose the wife refused to honor counsel’s stipulation and changed her mind about divorce. Suppose the husband had died intestate after performance and before entry of a divorce decree.
However well intentioned and cooperatively designed, we would seriously question the correctness of the trial court’s action in choosing to honor the stipulation here tendered. Aside from what has already been said, the pleadings should be settled and the cause at issue when it is set for trial. Rule 1.440, F.R.C.P., 30 F.S.A. Also, we question an agreement which circumscribes, compromises and limits the court in its duty to render judgment promptly in accordance with the issues made, the evidence and the law — when the testimony has been concluded and the case placed on the bosom of the court for disposition.
Difficult as the problem is, we believe that progress can be made in the direction of unraveling this marital problem — or at least bringing it to an end in accordance with law, by a reversal and remand for handling in a fashion compatible to these expressions and with these directions:
1. Allow the parties 10 days following issuance of mandate to file such motion to file supplemental pleadings under Rule 1.190(d) and (e), F.R.C.P., as they are advised, and such motions to reopen case as they are advised. 32 Fla.Jur., Trial, §§ 46 & 47.
2. Upon ruling upon such motions, if made, in accordance with law and sound judicial discretion, the trial court will either set the cause for final hearing, if such is indicated, or else please proceed to enter final judgment upon the merits as dictated by the pleadings and proofs already adduced.
3. If a divorce is granted, then the court may proceed to adjudicate and enforce the property rights of the parties in accordance with their agreement, taking into account what has already been done.
Reversed and remanded with directions.
McCAIN and OWEN, JJ., concur.