PER CURIAM.
The appellant Edward Leeds was one of the defendants below. The appellee C. C. Chemical Corporation, herein referred to as Chemical, filed an action against Edward Leeds, Michael Leeds, Rhea Leeds and Mercury Chemical Co., Inc., herein referred to as Mercury.
The amended complaint contained six counts. The first count alleged a written agreement between Mercury and Pollution Control Industries, Inc., herein referred to as PCI, for sale of the assets and business of the former to PCI, with provision for the transfer to be made to a corporation to be formed by PCI: that the corporation (Chemical) was formed and transfer was made; that it was agreed the transaction would be rescinded if a certain volume of business was not done in the first year; that the goal was not attained; that the defendants had appropriated to themselves the assets of the plaintiff corporation, rendering it unable to make full restitution on rescission; and that it had surrendered its inventory and the business to the defendants. The plaintiff prayed for a declaration that rescission had been made; for defendants to be required to return to plaintiff certain corporate stock; and for damages. In additional counts the defendants were charged with fraud and misrepresentation in the transaction, and damages were sought against the defendant Edward Leeds upon charging him with breach of a contract of employment with the plaintiff.
The defendant Mercury (seller) filed an answer to the amended complaint. The answer contained certain affirmative defenses, and included therein was a counterclaim by Mercury against the plaintiff. *719 The plaintiff filed an answer to Mercury’s counterclaim, and also filed a motion to strike the counterclaim. That motion to strike has not been disposed of. Later the plaintiff filed an answer to affirmative defenses contained in the answer of Mercury, and also filed a motion to strike certain such affirmative defenses from Mercury’s answer. That motion has not been disposed of.
Answers also were filed by individual defendants, with the answer of Edward Leeds containing a counterclaim. Plaintiff filed answers to affirmative defenses contained in such answers, and filed an answer to and a motion to strike the counterclaim of the defendant Edward Leeds. That motion has not been disposed of.
On March 27, 1973, the court set the cause for trial on June 14, 1973, on count one. On March 28, 1973, the court entered an order setting the cause for pretrial conference on July 2, and setting the cause for trial for September 10, 1973, on counts two and six of the amended complaint and on the defendants’ counterclaims. The defendant Edward Leeds filed a notice of appeal from both of said orders.
The determinative question is whether a cause is at issue where, with the last responsive pleading required under the r,ules, there also is simultaneously filed a motion to strike all or part of the pleading to which such responsive pleading is directed. Upon resolving the arguments of the parties relating thereto, we hold that the cause is not at issue while such motions directed to pleadings remain undisposed of. In holding to the contrary the trial court was incorrect.
Until the cause is at issue it may not be set for pretrial conference or for trial. See Rule 1.440 F.R.Civ.P., 30 F.S.A.; Ellis v. Ellis, Fla.App.1971, 242 So.2d 745.
The orders appealed from are reversed.