GLICKSTEIN, Judge.
This is an expedited petition for a writ of certiorari for review of a non-final order of a trial court, denying petitioner’s motion to strike an action from the trial calendar. Respondents elected to file no response, notwithstanding the opportunity to do so; the trial docket commences on August 19, 1985. Petitioner contends that it was error for the trial court to set the case for trial, as the last available pleading had not been filed, the case therefore not being at issue. We agree but reluctantly deny the petition because we are without jurisdiction to grant relief when the petitioner has adequate relief by way of plenary appeal. If this court were to conclude at such later time that the trial court’s obvious error[1] was harmful, a new trial would be the equally obvious remedy.
Petitioner cites as authority for our assertion of jurisdiction the decision in Leeds v. C.C. Chemical Corporation, 280 So.2d 718 (Fla. 3d DCA 1973), a similar case factually but one in which the appellate court was considering an appeal from the order in question, not a petition for certio-rari. It reversed the trial court, without *846 stating the basis for its jurisdiction. Neither the Florida Rules of Appellate Procedure at that time nor at the present time expressly provide for appeal from such order.
In denying the petition, we do not speculate that there will be a plenary appeal in the future; and we surely do not suggest what the outcome of such appeal might be. Furthermore, we call the trial court’s attention to its authority to vacate non-final orders prior to final judgment for legitimate reasons[2] for no purpose other than to remind trial courts generally of such authority.
DOWNEY and WALDEN, JJ., concur.

. We say obvious because of this court’s language in Ellis v. Ellis, 242 So.2d 745, 747 (Fla. 4th DCA 1971):
[P]leadings should be settled and the cause at issue when it is set for trial. Rule 1.440, F.R.C.P., 30 F.S.A.

. See Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042 (Fla. 4th DCA 1983) and the additional authority cited in footnote 1 therein for such proposition.