797 So.2d 611 (2001)
Larry KUVIN, Appellant,
v.
KELLER LADDERS, INC., Appellee.
No. 3D00-1571.
District Court of Appeal of Florida, Third District.
October 3, 2001.
Gillespie, Goldman, Kronengold & Farmer and Gary M. Farmer, Jr. (Fort Lauderdale), for appellant.
Melito & Adolfsen and Bradley S. Fischer and Camille M. Coke, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SCHWARTZ, Chief Judge.
In March, 1999, after almost six years of litigation culminating in the lost-defective-ladder spoliation case we considered in Yoder v. Kuvin, 785 So.2d 679 (Fla. 3d DCA 2001), the action was set for trial for August 23, 1999. On May 24, 1999, however, the defendant Keller Ladders, Inc. filed a third party complaint against the present appellant, Larry Kuvin, and the other coowner of a warehouse in which Keller alleged the ladder had been lost in 1993. On July 29, 1999, Kuvin filed a $100.00 offer of judgment under Florida Rule of Civil Procedure 1.442, to which Keller did not respond.[1] After the trial court dismissed the *612 action against Kuvin on December 7, 1999,[2] he filed a December 28, 1999, application to assess attorney's fees and costs under the rule. While the motion was initially granted below, it was denied on rehearing as untimely filed under rule 1.442(b).[3] On the holdings that the offer was neither fatally tardy, as claimed below, nor fatally premature, as additionally argued on appeal, we reverse.

Not too late.
It is first clear, contrary to the basis of the ruling below, that that portion of the rule which purportedly precludes an offer within forty-five days of the pertinent trial date has no proper application to this case. Indeed, simply stated, the trial date of August 23, 1999, had no legal effect or consequence at all and thus could not invalidate the July 29, 1999 offer. This is true, in turn, because when, in effect, the pleadings were re-opened when Kuvin and his co-third party defendant were brought into the case, the action was no longer "at issue" under Florida Rule of Civil Procedure 1.440,[4] and therefore could not proceed to trial on that date as a matter of law. International Jai-Alai Players Ass'n v. Dania Jai-Alai Div. of the Aragon Group, Inc., 563 So.2d 1117 (Fla. 4th DCA 1990); Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986); Hodge v. Kidder Peabody & Co., 473 So.2d 845 (Fla. 4th DCA 1985); Leeds v. C.C. Chemical Corp., 280 So.2d 718 (Fla. 3d DCA 1973). In fact, on August 5, 1999, the trial date was continued to October 18, 1999, and the trial did not start even then because of the entry of the summary judgment reversed in Yoder, 785 So.2d at 679.
For this reason, Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999), which enforces the rule as to a valid and viable trial date is not controlling. Liguori v. Daly, 756 So.2d 268 (Fla. 4th DCA 2000), review denied, 786 So.2d 1186 (Fla.2001) and Progressive Cas. Ins. Co. v. Radiology & Imaging Center, Inc., 761 So.2d 399 (Fla. 3d DCA 2000) which hold that the forty-five day period does not apply as to a trial date which, although formally in effect, is not, as the parties know, when the case will or can actually be tried, are.

Not too early.
On appeal, Keller raises the additional claim that the July 29, 1999 offer was not only too late, but too soon as made earlier than "90 days after the action [was] commenced," Fla. R. Civ. P. 1.442(b), on May 24, 1999. See Grip Development, Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262 (Fla. 4th DCA 2000), review denied, 790 So.2d 1102 (Fla. 2001). Again, we disagree.
Even assuming arguendo a technical departure from the terms of the rule, it *613 seems clear thatwhile the ninety day provision may serve a useful purpose in the case of an offer to a defendant, who presumably is in no position to respond so soon after he first gets notice of the case it seems to have no such reason for being, or any other, when, as here, an offer by the defendant is involved. Compare Grip, 788 So.2d at 262. Particularly in these circumstances in which the present action against Kuvin was brought only after six years of accumulation of information about the case, we find that, as we stated in Flight Express, Inc. v. Robinson, 736 So.2d 796, 797 n. 1 (Fla. 3d DCA 1999) any "failure to follow [rule 1.442] must be considered merely a harmless technical violation which did not affect the rights of the parties." Accord Danner Constr. Co. v. Reynolds Metals Co., 760 So.2d 199 (Fla. 2d DCA 2000). While this situation may be strictly distinguishable from the plaintiffs offer involved in Grip, it is obvious that our approach to the issue is entirely contrary to that of the majority in Grip and entirely in accordance with Judge Farmer's dissent.[5] If this renders us in conflict with Grip, we are pleased to acknowledge it.

Just right.
Accordingly, the order denying fees and costs below is reversed with directions to grant the appellant's motion and to assess the respective amounts accordingly.
Reversed.
NOTES
[1] There is no contention that the offer was not made in good faith. See Department of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019 (Fla. 3d DCA 1999).
[2] Keller did not appeal.
[3] Rule 1.442. Proposals for Settlement

(b) Time Requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.
[4] Rule 1.440. Setting Action for Trial

(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of cross-claims among the parties shall not prevent the court from setting the action for trial on the issues raised by the complaint, answer, and any answer to a counterclaim.
[5] We are not uninfluenced by the ardor and eloquence with which appellant's counsel has urged the correctness of the views of the dissenter.