932 So.2d 468 (2006)
SHOPPES OF LIBERTY CITY, LLC, Appellant,
v.
Adolfo SOTOLONGO and Dahyanna Sotolongo, Appellees.
No. 3D05-1714.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Roland Gomez, Miami Lakes, and Ronnie Guillen, for appellant.
Hunter, Williams & Lynch, Coral Gables, and Christopher Lynch for appellees.
Before LEVY and GREEN, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
A defendant in a personal injury action appeals from an order denying its application for attorney's fees and costs pursuant to unaccepted proposals for settlement under section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. Although it is not disputed that the circumstances otherwise entitled the appellant to these fees,[1] the trial judge ruled that the proposals for settlement served on October 22, 2003, were fatally premature as filed "earlier than 90 days after the action [was] *469 commenced" against the defendant. Fla. R. Civ. P. 1.442(b). This conclusion was based, in turn, on the determination that although this defendant was first named in the action when the plaintiffs filed a motion to amend the complaint to add the defendant in accordance with an attached third amended complaint on June 16th, and the court thereafter orally granted the motion on July 17th prior to service on defendant on July 22nd, the action was not commenced within the meaning of the rule until July 25th  89 days before the proposals  when the formal order amending the complaint, which had been signed on July 24th, was filed with the clerk. We reverse for two separate reasons.

I.
First, appropriately applying Totura & Co. v. Williams, 754 So.2d 671 (Fla. 2000), we conclude that, for purposes of this rule, the action was commenced against the appellant on June 16th  beyond the allegedly critical 90-day period before the proposals  when this defendant was first named in the proposed amended complaint. See also Outboard Marine Domestic Int'l Sales Corp. v. Fla. Stevedoring Corp., 483 So.2d 823 (Fla. 3d DCA 1986) (action commenced for statute of limitations purposes when complaint was submitted to the clerk even though it was then returned to plaintiffs' counsel because correct filing fee was not attached).
Furthermore, that the proposals were not premature is shown also by the fact that the defendant was served with the third amended complaint on July 22nd  still outside the 90-day period and days before the purely ministerial act of filing the formal order. It can hardly be correctly said that an action is not "commenced" until after its actual service. See Totura, 754 So.2d at 671.

II.
Even if this were not true, we have squarely held in Kuvin v. Keller Ladders, Inc., 797 So.2d 611 (Fla. 3d DCA 2001), that a mere prematurity of a defendant's proposal for settlement does not disentitle it to recovery under the pertinent rule. As the appellees concede, the Kuvin case alone requires reversal. See also Byrne-Henry v. Hertz Corp., 927 So.2d 66 (Fla. 3d DCA 2006); Swift v. Wilcox, 924 So.2d 885 (Fla. 4th DCA 2006); Mills v. Martinez, 909 So.2d 340 (Fla. 5th DCA 2005).[2]
Accordingly, the order under review is reversed with directions to award the appellant attorney's fees and costs under the statute and rule.
Reversed and remanded.
NOTES
[1] The proposals for settlement were for $900 to Adolfo Sotolongo and for $100 to Dahyanna Sotolongo. The defendant won a jury verdict and ensuing judgment in its favor after trial.
[2] As to this holding, we repeat what was said in Kuvin:

While this situation may be strictly distinguishable from the plaintiff's offer involved in Grip [Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262 (Fla. 4th DCA 2000), review denied, 790 So.2d 1102 (Fla.2001)], it is obvious that our approach to the issue is entirely contrary to that of the majority in Grip and entirely in accordance with Judge Farmer's dissent. If this renders us in conflict with Grip, we are pleased to acknowledge it.
Kuvin, 797 So.2d at 613 (footnote omitted); see also Nationwide Mut. Fire Ins. Co. v. Robinson, 851 So.2d 888 (Fla. 4th DCA 2003), quashed on other grounds, 887 So.2d 328 (Fla.2004).