965 So.2d 174 (2007)
Betty JEFFERSON as natural parent of Chakoa and Eugene Jefferson, Appellant,
v.
CITY OF LAKE CITY, Appellee.
No. 1D06-1893.
District Court of Appeal of Florida, First District.
August 10, 2007.
Rehearing Denied October 3, 2007.
James V. Cook, Tallahassee, for Appellant.
Victor M. Halbach of Marks, Gray, Conroy & Gibbs, Jacksonville, for Appellee.
*175 PER CURIAM.
We affirm the trial court's order granting attorney fees to the appellee. Although the proposal in this case cites a nonexistent statute as its basis, the notice of proposal for settlement cites to the correct statute number. In our view, the correct citation in the notice to the statute governing settlement offers cures the defect in the proposal. Unlike the situation in the recent Florida Supreme Court decision in Campbell v. Goldman, 959 So.2d 223 (Fla.2007), which involved a failure to cite any statute at all in a proposal for settlement, the appellee in the present case attempted to cite the relevant statute, but merely made an apparent typographical error. Therefore, we do not believe Campbell compels reversal here.
AFFIRMED.
BARFIELD and PADOVANO, JJ., Concur.
KAHN, J., Dissents with opinion.
KAHN, J., dissenting.
Pursuant to the clear dictate of our supreme court, we should reverse the order on appeal. See Campbell v. Goldman, 959 So.2d 223 (Fla.2007). The holding in Campbell is not ambiguous:
[S]trict construction is applicable to both the substantive and procedural portions of the rule and statute. When read together the rule and statute provide parties with an unambiguous method for obtaining attorney fees. Section 768.79 provides a sanction against a party who unreasonably rejects a settlement offer. See Willis Shaw [v. Hilyer Sod, Inc.] 849 So.2d [276] at 278 [ (Fla.2003) ]. The plain language of the statute provides that an offer must state it is being made pursuant to this section. This is a mandatory requirement for this penal, fee-shifting provision.
Id.
As the majority notes, the appellee cited the correct statute in its "notice of proposal for settlement." The Florida Rules of Civil Procedure, however, are clear and mandate that the "proposal" shall identify the applicable Florida law under which the proposal is made. See Fla. R. Civ. P. 1.442(c)(1). As the supreme court noted in Campbell, the offer of judgment statute is of like import and requires that the "offer" state that it is being made "pursuant to this section." § 768.79(2)(a), Fla. Stat. (2006).
The proper result here may be viewed as strict, but it is certainly not harsh. Prudent counsel, being aware of existing case law in this district, see Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993), may have well made a tactical decision not to respond to the offer of settlement in this case, confident that, because the form of the offer was defective, no sanctions could flow from rejection of the offer. Moreover, the majority's reliance upon an "apparent typographical error," does not avail. One could just as easily say that extrinsic evidence exists (such as the "notice of proposal," a paper not identified in the Rules of Civil Procedure) indicating that the recipient of the offer was well aware of the statute under which it was being made. Such a result cannot survive the supreme court's Campbell decision.
I dissent.