SHEPHERD, J.
The appellant, Jose Milton, Trustee, d/b/a International Club Apartments, appeals a judgment rendered upon a jury verdict awarding appellee, John Reyes, $584,500 before reduction, for comparative fault for personal injuries suffered on the International Club premises. International Club challenges the final judgment on the ground the jury was erroneously charged in several respects and the trial court erred in granting Reyes’ motion in limine to exclude evidence of injury to the same shoulder Reyes claimed he injured in this case. Reyes cross-appeals the trial court’s denial of attorney fees pursuant to his offer of judgment.
On the points of error asserted by International Club, we find merit only on the single point, conceded by Reyes, that the trial court erred in failing to give Florida Standard Jury Instruction 6.10, which instructs the jury to reduce the *625 award of future economic damages to present money value. See Seaboard Coast Line R.R. Co. v. Burdi, 427 So.2d 1048, 1050 (Fla. 3d DCA 1988). Accordingly, we reverse this case solely for the purpose of retrial of the jury’s award of damages for future medical expenses. See e.g., Sanchez v. Hernandez, 971 So.2d 944, 946 (Fla. 3d DCA 2007) (ordering new trial only as to the issue of past and future economic damages); Bradshaw v. State Farm Auto. Ins. Co., 714 So.2d 620, 623 (Fla. 5th DCA 1998) (reversing and remanding for new trial solely on the element of the wife’s entitlement to loss of consortium damages). In all other respects, we affirm the verdict reached in this case.
We also find no merit in the cross-appeal. On March 1, 2007, fifteen months before trial, counsel for Reyes filed "with the trial court a one-page “Notice of Service of Proposal for Settlement to Defendant Pursuant to F.S. § 768.79 and Fla. R. Civ. P. 1.442.” The Notice contained the following certificate of service:
I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 1st day of March, 2007, to Herbert C. Andrews, Esquire, Law Office of Paul F. Clark, 9130 South Dadeland Boulevard, Two Datran Center, Suite 1701, Miami, Florida 33156.
It is not disputed that counsel for Reyes mailed the Notice to opposing counsel on the date stated in the certificate. Counsel for Reyes also included in the envelope a separate, two-page document entitled “Plaintiff’s Proposal for Settlement to Defendant,” offering to settle the case for $199,999.[1] It also is agreed International Club received the envelope and its enclosures. However, the proposal did not contain a certificate of service. Florida Rule of Civil Procedure 1.442, “Proposals for Settlement,” reads in pertinent part:
(c)(2) A proposal shall:
[[Image here]]
(G) include a certificate of service in the form required by rule 1.080(f).
Id. (emphasis added). In all other respects, the proposal met the requirements of section 768.79 of the Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442.
We conclude, as did the trial court, this case is legally indistinguishable from the recent Florida Supreme Court decision, Campbell v. Goldman, 959 So.2d 223 (Fla.2007). In Campbell, the Court considered whether an offer of settlement was unenforceable because it failed to make reference to section 768.79 of the Florida Statutes, as expressly required by subsection (2)(a), and Florida Rule of Civil Procedure 1.442(c)(1), which states a proposal for settlement shall identify “in writing ... the applicable Florida Law under which it is being made.” Concluding that both the rule and statute must be strictly construed “[because] in derogation of the common law rule that parties are responsible for their own attorney’s fees,” Campbell, 959 So.2d at 226, the supreme court found the offer unenforceable even though at the time there was only one statute governing offers of judgments implemented by Rule 1.442. Id. at 227. The court further stated the rule of strict construction “is applicable to both the substantive and procedural portions of the rule and statute.” Id.
We recognize that shortly after Campbell, the First District Court of Appeal, in Jefferson v. City of Lake City, 965 So.2d 174, 175 (Fla. 1st DCA 2007), found enforceable an offer which therein cited a *626 non-existent statutory provision, but the correct statute number in the “notice of proposal for settlement.” However, we find persuasive Judge Kahn’s dissent that “[p]rudent counsel, being aware of [Campbell], may have well made a tactical decision not to respond to the offer of settlement in this case, confident that, because the form of the offer was defective, no sanctions could flow from rejection of the offer.” Id. (Kahn, J., dissenting). “The ... result here may be viewed as strict, but it is certainly not harsh.” Id.
Affirmed in part, reversed in part.

. The final judgment remains well above this sum, even considering our reversal for retrial on future medical expenses.