CIKLIN, J.
The appellant, Regions Bank (“Regions”), appeals the trial court’s order denying the bank’s motion for attorneys’ fees and costs under its proposal for settlement. Regions argues that the court erred in finding the proposal was premature and thus invalid under Florida Rule of Civil Procedure 1.442(b). We affirm because, like the trial judge, we find the proposal for settlement was served less than ninety days after the action commenced as to Regions, and thus the proposal was not in compliance with the rule.
On March 3, 2010, Interstate Citrus Partners brought suit against Sunset Lakes of St. Lucie, LLC. Later, the ap-pellee, Paul Rhodes (“Rhodes”), was substituted as the plaintiff. With the court’s permission, Rhodes filed a second amended complaint which added Regions as a defendant. The second amended complaint was deemed filed on May 27, 2010, the date the court entered its order permitting the second amendment.
On June 30, 2010, Regions served Rhodes with its offer of judgment and proposal for settlement pursuant to section 768.79, Florida Statutes (2010), and Florida Rule of Civil Procedure 1.442.[1] After the court entered summary judgment in favor of Regions, Regions moved for attorneys’ fees and costs under the offer of *1260 judgment and proposal for settlement. Rhodes opposed the motion and argued the proposal was premature under Rule 1.442. The court agreed and entered an order denying fees.
“The standard of review in determining whether a proposal for settlement complies with section 768.79, Florida Statutes ... and Florida Rule of Civil Procedure 1.442 is de novo.” Palm Beach Polo Holdings, Inc. v. Madsen, Sapp, Mena, Rodriguez & Co., P.A., 957 So.2d 36, 37 (Fla. 4th DCA 2007) (citation omitted).
Section 768.79(1), Florida Statutes (2010), governs offers of judgment and provides in relevant part: “[I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred ... from the date of filing of the offer if the judgment is one of no liability .... ” The statute does not provide time frames for service of offers of judgment because such timing requirements are procedural and governed by Florida Rule of Civil Procedure 1.442. Grip Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262, 264 (Fla. 4th DCA 2000) (citing Timmons v. Combs, 608 So.2d 1 (Fla.1992)). Rule 1.442 provides the following relevant time requirement: “[A] proposal to a plaintiff [by a defendant] shall be served no earlier than 90 days after the action has been commenced.” Fla. R. Civ. P. 1.442(b).
Regions argues that the settlement proposal was timely under the plain language of Rule 1.442(b), as it was served on Rhodes more than ninety days after the filing of the initial complaint, which did not name Regions as a defendant. Alternatively, Regions argues that a premature offer by a defendant does not invalidate a proposal for settlement because it is a harmless technical violation of Rule 1.442(b).
Rhodes argues that the action commenced when Regions was first named as a defendant — in the motion for leave to amend the complaint — and thus the proposal was premature. Rhodes urges that a premature offer by the defendant is invalid.
We are called upon to address two issues: (1) whether the proposal for settlement was premature under the plain language of Rule 1.442(b) because it was served earlier than ninety days after commencement, and (2) if so, whether a defendant’s premature proposal invalidates the proposal.[2]
Turning to the first issue, the rule is clear that the proposal must be made no earlier than ninety days after “the action has been commenced.” Fla. R. Civ. P. 1.442(b). Florida Rule of Civil Procedure 1.050 provides that “[e]very action of a civil nature shall be deemed commenced when the complaint or petition is filed .... ” The only complaint filed that included an action against Regions was the second amended complaint, which was deemed filed on May 27, 2010.[3] As the offer of judgment was served on June 30, 2010, it was premature.
*1261 Regions alternatively argues that a premature offer made by a defendant to a plaintiff is not invalid because no prejudice to the plaintiff occurs. This court has held that an analysis of possible prejudice was not relevant in that the offer either complied with the procedural timing requirements or it didn’t. Under Rule 1.442, any premature offer is an invalid offer. See Grip Dev., Inc., 788 So.2d at 264-65. Although Grip involved a plaintiffs premature proposal for settlement, Rule 1.442 does not distinguish between a plaintiffs settlement proposal and a defendant’s settlement proposal. Regions relies on two Third District cases where the court held that the premature offers of judgment were harmless technical violations that did not invalidate the offers. See Shoppes of Liberty City, LLC v. Sotolongo, 932 So.2d 468, 469 (Fla. 3d DCA 2006); Kuvin v. Keller Ladders, Inc., 797 So.2d 611, 612-13 (Fla. 3d DCA 2001). However, the Third District’s focus on whether the violation of the rule may be harmless is contrary to the strict construction approach taken by the Florida Supreme Court. See Campbell v. Goldman, 959 So.2d 223, 226-27 (Fla.2007) (finding that an offer of judgment which referenced Rule 1.442 but failed to cite section 768.79, Florida Statutes, as required by the offer of judgment statute and Rule 1.442, rendered the offer invalid, and rejecting the “mere technical violation” rationale adopted by the Fourth and Fifth Districts).
Simply stated, because the proposal for settlement was served less than ninety days after the action commenced as to Regions, it did not meet the plain language requirements of Rule 1.442. Therefore, the trial court did not err in denying the motion for fees and costs that was based on a premature proposal. To the extent the Third District’s opinions in Kuvin, 797 So.2d 611, and Sotolongo, 932 So.2d 468, could be read as holding that a “harmless” or “mere technical violation” exception applies to compliance with the plain language requirements of Rule 1.442, we certify conflict.

Affirmed; conflict certified.

MAY, J., and SCHIFF, LOUIS, Associate Judge, concur.

. Section 768.79, Florida Statutes (2010), governs offers of judgments. The procedural companion to the statute, Rule 1.442, is titled "Proposals for Settlement,” but provides that the "rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, de *1260 mands, or proposals ....” Fla. R. Civ. P. 1.442(a).

. Relying on Third District cases, Regions argues in tire initial brief that its premature offer as a defendant should not be treated in the same manner as a premature offer by a plaintiff, because plaintiffs have "plenty of time to consider the merits of the claim well before asserting it,” and thus are not prejudiced by a premature offer made by a defendant.

. It is not necessary for us tó decide whether the complaint was "filed” on (I) the date the motion to amend was filed, (2) the date the court deemed the amended complaint filed, or (3) the date the amended complaint was filed with the clerk, because the proposal was premature using any of these dates.