# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2852
Lower Tribunal No. 09-38357
_____


**Design Home Remodeling Corp.,**
Appellant,

vs.

**Rene Santana and Maritza Torres,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Gilbert & Caddy, Bryce Gilbert and Randall L. Gilbert (Hollywood), for appellant.

Ross & Girten and Lauri Waldman Ross; Friedman & Friedman and John S. Seligman, for appellees.


Before LAGOA, SALTER and EMAS, JJ.

EMAS, J.

Design Home Remodeling Corporation ("Design Home") appeals from an order denying its motion for attorney's fees pursuant to a proposal for settlement. For the reasons that follow, we affirm.

**FACTS AND BACKGROUND**

In December 2007, Rene Santana ("Santana") slipped and fell on premises owned by Flanco Condominium Association, Inc. ("Flanco"). In May 2009, Santana and Maritza Torres ("Torres"), Santana's wife, filed a premises liability action against Flanco, alleging negligent maintenance. In its answer to the complaint, Flanco asserted that non-party Design Home was at fault for any negligent maintenance. On March 26, 2010, Santana and Torres filed an amended complaint, adding Design Home as a defendant and alleging Design Home was negligent because it "failed to keep [the] premises in a reasonably safe condition on the floor and/or failed to warn that the floor was wet and slippery."

On May 25, 2010, sixty days from the date on which Santana and Torres filed the amended complaint adding Design Home as a defendant, Design Home served Santana and Torres with individual proposals for settlement. By their express terms, the proposals were made pursuant to section 768.79, Florida Statutes (2010) and Florida Rule of Civil Procedure 1.442. Neither Santana nor Torres accepted the proposals for settlement or served any response.

2

Three years later, the trial court entered an agreed summary final judgment in favor of Design Home on all claims. Design Home timely filed its motion for attorney's fees, asserting as its basis the prior proposals for settlement. The trial court denied the motion, concluding that they had been filed prematurely under rule 1.442(b). Design Home's motion for rehearing was also denied, and this appeal followed.

**ANALYSIS**

We review *de novo* the question of whether a trial court properly applied the law in denying a motion for attorney's fees. Campbell v. Goldman, 959 So. 2d 223, 225 (Fla. 2007). See also, S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So. 2d 317 (Fla. 2005).

Section 768.79, Florida Statutes (2007), entitled "Offer of judgment and demand for judgment" provides, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him. . . .

Section 768.79 does not provide a timeframe within which an offer of judgment or demand for judgment can be made. However, Florida Rule of Civil Procedure 1.442, entitled "Proposals for Settlement," implements the statute and provides additional procedural components, including the following pertinent timeframes:

3

A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; <u>a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced</u>.

Rule 1.442(b)(emphasis added).

Section 768.79 and rule 1.442 are in derogation of the common law rule that each party bear its own attorney's fees[1]; therefore, the provisions of the statute and the rule must be strictly construed.  <u>Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 276, 278 (Fla. 2003).

In <u>Campbell</u>, the trial court invalidated a proposal for settlement because it failed to include the requisite reference to the statute upon which the proposal was based.[2]  The Fourth District reversed, holding that the proposal's failure to expressly cite to the statute constituted "an insignificant technical violation of the rule." <u>Campbell</u>, 959 So. 2d at 225.  In doing so, the Fourth District certified direct conflict with contrary decisions of the First and Second Districts.[3]  The Supreme

---

[1]The American Rule states "that each party, including the successful one, in litigation must ordinarily bear the burden of his own attorneys' fees." <u>General Motors Corp. v. Sanchez</u>, 16 So. 3d 883, 884 (Fla. 3d DCA 2009).

[2] Section 768.79(2)(a) requires that an offer of judgment or demand for judgment "[b]e in writing and state that it is being made pursuant to this section."  Rule 1.442(c)(1) provides: "A proposal shall be in writing and shall identify the applicable Florida law under which it is being made."

[3] <u>McMullen Oil Co. v. ISS Int'l Svc. Sys.</u>, 698 So. 2d 372 (Fla. 2d DCA 1997) (superceded by rule on other grounds) and <u>Pippin v. Latosynski</u>, 622 So. 2d 566 (Fla. 1st DCA 1993).

Court accepted jurisdiction, quashed the Fourth District's decision, approved the decisions in McMullen Oil and Pippin, and reaffirmed the requirement that the provisions of rule 1.442 and section 768.79 be strictly construed:

> [S]trict construction is applicable to both the substantive and procedural portions of the rule and statute. When read together the rule and statute provide parties with an unambiguous method for obtaining attorney fees. Section 768.79 provides a sanction against a party who unreasonably rejects a settlement offer. See Willis Shaw, 849 So.2d at 278. The plain language of the statute provides that an offer *must* state it is being made pursuant to this section. This is a mandatory requirement for this penal, fee-shifting provision. Because the overall subject is in derogation of the common law, all portions must be strictly construed.

> Id. at 227.

Notwithstanding the Supreme Court's decision in Campbell, Design Home relies on two cases from our Court—both of which predate the Campbell decision—to support its contention that prematurity is a mere "technical violation" and not fatal to the validity of a proposal for settlement.

Kuvin v. Keller Ladders, Inc., 797 So. 2d 611 (Fla. 3d DCA 2001) is indistinguishable on its relevant facts from the instant case, and involved a premature offer of judgment made by a third-party defendant upon a third-party plaintiff. Our Court determined that, under the circumstances, this prematurity did not invalidate the offer:

> [I]t seems clear cut that— while the ninety day provision may serve a useful purpose in the case of an offer *to* a defendant, who presumably is in no position to respond so soon after he first gets notice of the

5

case— it seems to have no such reason for being, or any other, when, as here, an offer *by* the defendant is involved. . . . . Particularly in these circumstances in which the present action against Kuvin was brought only after six years of accumulation of information about the case, we find that, as we stated in Flight Express, Inc. v. Robinson, 736 So. 2d 796, 797 n. 1 (Fla. 3d DCA 1999) any "failure to follow [rule 1.442] must be considered merely a harmless technical violation which did not affect the rights of the parties."

Kuvin, 797 So. 2d at 613.

Shoppes of Liberty City, LLC v. Sotolongo, 932 So. 2d 468 (Fla. 3d DCA 2006) is the second pre-Campbell case relied upon by Design Home. In Shoppes, this Court determined that the proposal for settlement was not premature. We held alternatively (and relying upon Kuvin), that even if the proposal was premature, the "mere prematurity of a defendant's proposal for settlement does not disentitle it to recovery under the pertinent rule." Id. at 469.

Regardless of the logic underlying the decisions in Kuvin and Shoppes, the Supreme Court's subsequent decision in Campbell plainly and unambiguously rejects the notion that a failure to comply with the requirements of rule 1.442 and section 768.79 can be considered a "mere technical violation" thus preserving the validity of a proposal for settlement. To this extent, the Supreme Court's pronouncement in Campbell has *sub silentio* overruled this Court's holdings in both Kuvin and Shoppes. See, Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973)(holding that district courts of appeal have no authority to overrule a decision of the Supreme Court of Florida; district courts are duty-bound to follow the decision of

6

the Florida Supreme Court, even if it conflicts with a prior opinion of the district court).[4] Design Home's naked assertion that <u>Kuvin</u> and <u>Shoppes</u> somehow survived the holding of <u>Campbell</u> is simply untenable. The broad and unequivocal language of <u>Campbell</u> has covered the waterfront and, Design's tacit argument notwithstanding, it is not necessary for the Supreme Court, in issuing an opinion that resolves a decisional conflict between the district courts, to catalogue every other intermediate appellate court decision that may be overruled in its wake.

Design Home was not included as a party in the lawsuit until the amended complaint, naming Design Home as a defendant, was filed on March 26, 2010. Design Home served its proposal on May 25, 2010, sixty days after the amended complaint was filed against Design Home, contrary to the rule's requirement that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced."[5] Thus, Design Home's premature proposal for settlement violated the express ninety-day requirement of rule 1.442(b).

**CONCLUSION**

---

[4] In fact, this Court has already acknowledged and followed the holding of <u>Campbell</u> without further reference to our prior decisions in <u>Kuvin</u> and <u>Shoppes</u>. <u>See e.g.,</u> <u>Milton v. Reyes</u>, 22 So. 3d 624 (Fla. 3d DCA 2009).

[5] Although not raised by either party, we would agree with our sister court that the phrase "after the action has been commenced" means, in this context, after the action was commenced *against Design Home*— specifically, when Appellees filed their amended complaint adding Design Home as a named defendant. <u>See</u>, <u>Regions Bank v. Rhodes</u>, 126 So. 3d 1259 (Fla. 4th DCA 2013).

We recognize that, under the facts of the instant case, the result may appear harsh. But for the ninety-day timeframe established by the rule, a plaintiff might reasonably expect a defendant to make a proposal for settlement straightaway in response to a lawsuit, and it is difficult to conceive of a reason why a plaintiff would be unprepared to respond to such a proposal within the requisite thirty-day timeframe.[6]    However, the express language of the rule,[7] together with the

---

[6] Given the existence of the rule and its mandatory timeframes, however, one cannot ignore the possibility that in the instant case Appellees recognized the proposals were served prematurely and were invalid under Campbell, therefore requiring no response at all.

[7] One cannot help but lament the often-tortuous history of offers of judgments/proposals for settlement and the valiant attempts to craft a rule that effectuates the statute's intended purpose without procedural shortcomings that sometimes serve to frustrate good-faith settlement efforts. See e.g., Campbell, 959 So. 2d at 227-28 (Pariente, J. specially concurring); Lamb v. Matetzschk, 906 So. 2d 1037, 1042-44 (Fla. 2005) (Pariente, J. specially concurring); Sec. Prof'ls, Inc. v. Segall, 685 So. 2d 1381, 1384 (Fla. 4th DCA 1997) (observing "[w]e regret that this case is just one more example of the offer of judgment statute causing a proliferation of litigation, rather than fostering its primary goal to 'terminate all claims, end disputes, and obviate the need for further intervention of the judicial process.'") (quoting Unicare Health Facilities, Inc. v. Mort, 553 So. 2d 159, 161 (Fla. 1989)).

While we do not suggest the existence of an unassailable solution, we would encourage the Florida Bar's Civil Procedure Rules Committee to consider whether the rule should be amended to require an offeree to serve a limited response to a proposal (apart from the existing response provision in the rule), raising any procedural defects to the proposal, thereby providing the offeror with an opportunity to serve a corrected proposal, in an effort to effectuate the salutary purpose underlying a proposal for settlement. Should the offeree fail to serve such a response, the rule could provide that this failure waives any right to subsequently challenge the proposal based upon these procedural defects. Such an amendment would prevent situations in which an offeror might reasonably believe he has made

8

principle of strict construction and the holding in <u>Campbell</u>, lead inexorably to an affirmance of the trial court's order.

 Affirmed.

---

a fair, valid and binding offer, only to find out (at the eventual conclusion of costly and lengthy litigation) that the offer was procedurally defective and therefore invalid *ab initio*. If the aim is to promote early and reasonable settlements, it seems worthwhile to consider whether the rule should be fashioned to give the offeror an opportunity to cure any procedural defects so that the offeree has a genuine opportunity to weigh the substantive merits of a proposal for settlement.