IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHIQUITA KIARA FLOYD,

      Appellant,

v.

STACY L. SMITH, JASON
OWEN SMITH and CONNER
LYNN SMITH,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3117

Opinion filed April 9, 2015.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Dexter Van Davis, Davis Law Group, P.L., Jacksonville, for Appellant.

Rhonda B. Boggess and Gina P. Grimsley of Taylor, Day, Grimm & Boyd, Jacksonville, for Appellees.

BILBREY, J.

      Appellant challenges the trial court's final judgment awarding costs and attorney's fees, pursuant to section 768.79, Florida Statutes, and rule 1.442, Florida Rules of Civil Procedure, on grounds that the pre-trial proposal for settlement[1] by

---

[1]    Rule 1.442 uses the term proposal for settlement while section 768.79, discusses offers of judgment. The rule provides procedural guidelines for making

the defendants failed to strictly comply with the law and the rule, and was thus insufficient to support the award of costs and fees in the final judgment. Because the defense proposal for settlement did strictly comply with section 768.79 and rule 1.442, we affirm the final judgment on appeal.

Appellant brought her negligence action seeking monetary damages against the Appellees in connection with an automobile collision. On April 23, 2013, Appellees filed their notice of service of proposal for settlement with the court, but as required by rule the actual proposal was not filed at that time. Fla. R. Civ. P. 1.442(d). The proposal was served on Appellant electronically, pursuant to rule 2.516, Florida Rules of Judicial Administration. The proposal was not accepted, and the case proceeded to jury trial.

The jury found no negligence by the defendants and awarded zero damages to Appellant/plaintiff. Final judgment for the defendants on the jury verdict was entered January 15, 2014. Thereafter, on February 6, 2014, the defendants filed their motion to tax costs and attorney's fees pursuant to section 768.79 and rule 1.442. In support of the motion, the defendants attached the notice of proposal for settlement and the proposal itself. After a hearing on the motion to tax costs and fees, the trial court rejected Appellant's argument that the proposal failed to strictly

a proposal pursuant to the statute while the statute provides the substantive change to the common law. TGI Friday's Inc. v. Dvorak, 663 So. 2d 606 (Fla. 1995). For the sake of simplicity and consistency the Appellee/defendant's offer of judgment pursuant to section 768.79 is referred to as the proposal for settlement.

2

comply with section 768.79 and rule 1.442 due to the proposal's lack of a certificate of service. The court also rejected the female Appellant's assertion that the proposal's reference to "his claims" rendered the proposal ambiguous, and thus insufficient to support an award of costs and attorney's fees under the law.

Appellant first argues, as she did at the trial level, that the proposal for settlement lacked a certificate of service and was thus insufficient to support a judgment under section 768.79. Appellant correctly asserts that both section 768.79 and rule 1.442 must be strictly construed because they are in derogation of the common law regarding attorney's fees. Campbell v. Goldman, 959 So. 2d 223 (Fla. 2007); see also Design Home Remodeling Corp. v. Santana, 146 So. 3d 129 (Fla. 3d DCA 2014) (failure to comply with time requirements for offers of settlement cannot be considered "mere technical violation"). However, the absence of a certificate of service is not actually a violation of the current law and rules governing service and thus does not support reversal of the final judgment.[2]

Section 768.79 does not specify that a certificate of service is required, but merely requires the offer to "be served upon the party to whom it is made." Appellant relies on rule 1.442(c)(2)(G), which requires a proposal for settlement to "include a certificate of service in the form required by rule 1.080." Fla. R. Civ. P.

---

[2] The lack of a certificate of service when the recipient of the proposal is represented by counsel might not have violated even the rules previously in effect for purposes of an award of costs and fees. See Bailey v. Chamblee, 697 So. 2d 972 (Fla. 2d DCA 1997).

1.442(c)(2)(G). However, although the previous version of rule 1.442(c)(2)(G) required a proposal for settlement to "include a certificate of service in the form required by rule 1.080(f)," there is no longer a rule 1.080(f).[3] Rule 1.080 no longer requires a certificate of service in a particular form. Rule 1.080(a) now provides: "Every pleading, subsequent to the initial pleading, all orders, and every other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." (eff. Sept. 12, 2012); In re Amendments to Fla R. Jud. Admin., 102 So. 3d 505 (Fla. 2012).

Rule 2.516 changed the requirements for service of documents, most notably, requiring service by e-mail. The rule provides in detail the method by which e-mail addresses are to be determined and verified. The rule then sets out the requirements for the contents of the e-mail for service. For example, the subject line of the e-mail must begin "with the words 'SERVICE OF COURT DOCUMENT' in all capital letters," the case number must be included, and the body of the e-mail must identify the court, case number, names of the parties, title of the document served, and the name and telephone number of the serving person. Fla. R. Jud. Admin. 2.516(b)(1)(E)(i-ii). Nowhere in rule 2.516(b)(1)(E) is there a requirement that the e-mail or document served by the e-mail contain a certificate

---

[3]    The form for a certificate of service which constitutes prima facie evidence of proper service upon a particular date, is now contained in rule 2.516(f), Florida Rules of Judicial Administration. But the specific form of certificate of service is not required to be used.

of service.

Appellant does not challenge the e-mail service of the proposal for settlement or assert any violation of rule 2.516(b)(1)(E). Rather, she relies on Milton v. Reyes, 22 So. 3d 624 (Fla. 3d DCA 2009), for her position that the lack of a certificate of service is fatal to the award of costs and fees under section 768.79 and the procedural rules governing proposals for settlement.

Milton was decided prior to the promulgation of rule 2.516 and the corresponding amendments to rules 1.080 and 1.442. Our de novo review[4] of the award of costs and attorney's fees due to Appellant/plaintiff's rejection of the proposal for settlement pursuant to section 768.79 and rules 1.080, 1.442, and 2.516, leads us to the same conclusion reached by the trial court. The proposal of settlement, the notice of serving such proposal, and the e-mails produced for the hearing on the motion to tax costs and fees strictly complied with the requirements for the award of costs and attorney's fees.

We also reject Appellant's claim that the typographical gender error in the proposal resulted in any ambiguity which could have affected Appellant's consideration of the proposal. Appellant was the only party in the case besides the

---

[4] An award of costs and attorney's fees due to a party's rejection of an offer of settlement under section 768.79, Florida Statutes, and rule 1.442, Florida Rules of Civil Procedure, is reviewed *de novo*. Regions Bank v. Rhodes, 126 So. 3d 1259 (Fla. 4th DCA 2013); Ambeca, Inc. v. Marina Cove Village Townhome Ass'n, Inc., 880 So. 2d 811, 812 (Fla. 1st DCA 2004).

5

Appellees. There could have been no confusion when the proposal offered to settle "his claims" when it should have said "her claims." No one but the Appellant had asserted any claims. "It [rule 1.442] merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." State Farm Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). See also Carey-All Transport, Inc. v. Newby, 989 So. 2d 1201 (Fla. 2d DCA 2008).

The final judgment on appeal is AFFIRMED.

ROBERTS and SWANSON, JJ., CONCUR.