LOGUE, J.,
concurring.
I concur. I write solely to encourage the Florida Bar’s Civil Procedure Rules Committee' to consider a rule change along the lines suggested in a prior opinion by Judge Emas. In Design Home Remodeling Corp. v. Santana,. 146 So.3d 129, 133 n. 7 (Fla. 3d DCA 2014),. Judge Emas suggested that a party who does, not accept a proposal for settlement due to a procedural defect or deficiency in .the form of the offer should be required to serve a limited, response identifying the specific defect or deficiency, thus allowing the offeror to correct the procedural defect, after which the offeree could then consider the corrected proposal on its merits. Judge Emas wrote:
While we do not suggest , the existence of an unassailable solution, we would encourage the Florida Bar’s Civil Procedure Rules Committee to consider whether [Florida Rule of Civil Procedure 1.442] should.be amended to require an offeree to serve a limited response to a proposal (apart from the existing response provision in the rule), raising any - procedural defects to the proposal,-thereby providing the offeror with an opportunity to serve a corrected proposal, in an effort to effectuate the salutary purpose underlying a proposal for settlement. Should the offeree fail to serve such a response,, the rule could provide that this failure waives any right to subsequently challenge the proposal based upon ■ these procedural defects. -Such an amendment would prevent situations in which an offeror might reasonably believe he has made a fair, valid and binding offer; -only to find out (at the -eventual conclusion of costly and lengthy litigation) that the offer was.procedurally defective and therefore invalid ab ini-tio. If the aim is.to promote early and reasonable settlements, it seems worthwhile to consider whether the rule *678 should be fashioned to give the offeror an opportunity to cure any procedural defects so that the offeree has a genuine opportunity to weigh the substantive merits of a proposal for settlement.
Id. An amendment to rule 1.442 of this nature would advance the purpose of the rule, which is to foster early settlements. It would also mitigate one unfortunate, unintended, and ironic consequence of the rule, which is the creation of a new and growing cascade of litigation brought by parties trying to avoid the consequences of rejecting a proposal for settlement by making an after-the-fact attack on the form.